[S. F. No. 8986. In Bank.—May 20, 1919.]

# THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — HEARING BEFORE REFEREE OF COMMISSION—NOTICE AND REPRESENTATION — RIGHT OF INSURANCE CARRIER.—Where a proceeding for compensation under the Workmen's Compensation Act is heard before a referee of the commission without notice to the insurance carrier and without its being represented, and at the hearing testimony directly controverting the contention of the carrier is presented without any opportunity for cross-examination, the commission should reopen the case to permit such cross-examination and the introduction of counter-testimony, unless there is no possibility of such examination or testimony changing the result.

[2] ID.—ATTEMPT TO RESCUE CHILD — BACKING OF AUTOMOBILE — INJURY IN COURSE OF EMPLOYMENT.—Under the Workmen's Compensation Act, an employee was injured in the course of his employment, where he, at the time of the accident, was at his employer's barn stabling horses in the course of his employment, and was injured in an attempt to rescue a child that was in danger of being run down on his employer's premises by an automobile driven by the president of his employer, who was there on the employer's business.

[3] ID.—HEARING WITHOUT NOTICE TO CARRIER—REOPENING OF CASE—PROPER REFUSAL.—An insurance carrier who was not present or represented or given an opportunity to be present or represented at a hearing before a referee of the commission, at which evidence was introduced, is not entitled to an annulment of the commission's award in order to reopen the matter and permit the carrier to controvert such evidence, where a rehearing before the commission was not asked for that purpose.

[4] ID.—DEPOSITION OF PHYSICIAN—EXTENT OF INJURIES—ADMISSIBILITY AGAINST EMPLOYER AND CARRIER.—Under section 60, subdivision (a), of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 831), providing no award shall be invalidated because of the admission of any evidence not admissible under the common law or statutory rules of evidence and procedure, a deposition taken in an action at law to which neither the employer or insurance carrier was a party, is admissible in a proceeding before a referee of the commission as against the employer and carrier, although as to them the deposition is hearsay and would not be admissible under the usual rules of evidence.

APPLICATION for a Writ of Review to annul an award of the Industrial Accident Commission.   Denied.

The facts are stated in the opinion of the court.

Redman & Alexander for Petitioner.

A. E. Graupner and Robinson & Brown for Respondents.

OLNEY, J.—This is a hearing upon an order directed to the Industrial Accident Commission and the respondent Nelson, requiring them to show cause why a writ of review should not be issued annulling an order of the commission awarding compensation to Nelson for injuries sustained by him in the employ of a corporation known as the Sibley Grading and Teaming Company.   The petitioner for the writ, The Ocean Accident and Guarantee Corporation, is the insurance carrier for the Sibley Company, the employer.

The essence of the complaint of the petitioner, both as set forth in its petition, and as presented in argument at the hearing is, first, that a referee of the commission held a hearing without notice to the petitioner, and without its being represented, at which hearing testimony directly controverting the contention of the petitioner was presented without any opportunity for cross-examination, and that the commission subsequently refused to reopen the case to permit of such cross-examination and the introduction of counter-testimony; and, second, that a portion of a deposition taken in an action to which neither the petitioner, nor the Sibley Company was a party was admitted in evidence before the commission.

The return of the commission to the order to show cause discloses a case where in all fairness, to say the least, the hearing should not have been proceeded with by the referee in the absence of the petitioner or some one representing it. [1] This being true and the hearing having been nevertheless proceeded with, the commission in its turn should have reopened the matter for such cross-examination or counter-testimony as the petitioner might properly desire, except upon one contingency, namely, that there was no possibility of such cross-examination or counter-testimony changing the result.

In this connection the return of the commission shows that its order refusing to reopen the case was in fact put upon the ground that upon the facts as contended for by the petitioner the result would be the same, and at the hearing counsel for the commission frankly conceded that unless this were so the award should be annulled and a further hearing had by the commission. The essential question is therefore whether or not a different result might have been arrived at had the petitioner been given an opportunity for cross-examination and counter-testimony.

An examination of the proceedings before the commission shows that the fact of the accident was undisputed, as was also the fact that Nelson was an employee of the Sibley Company. The contentions were, first, as to whether or not the accident occurred to Nelson in the course of his employment, and, second, as to the extent of his injuries. The evidence, other than the deposition, received at the hearing complained of was concerned with the first question only, and it is as to this question—one as to any liability on the part of the employer—that the possible effect of cross-examination or counter-testimony must be considered.

The evidence shows without dispute that Nelson when hurt was at the entrance of the barn of the Sibley Company engaged in stabling a team of the company's horses which he had been driving, and that while so engaged he was struck by an automobile accidentally backed upon him by one Sibley, the president of the company. It is contended by the Insurance Company that the automobile was the property of Sibley personally and not of the Sibley Company; that Sibley was at the barn on his own personal business or rather for his own pleasure, and not on the business of his company, and that Nelson was hurt in an endeavor to rescue a child which was about to be run over by the backing automobile. From these facts, for which it contends, the Insurance Company claims that it follows that Nelson was not hurt in the course of his employment. For the purposes of this discussion, we must take the foregoing facts as contended for by the Insurance Company to be true with a single exception. The claim that Sibley, the president of the Sibley Company, was not at the barn on business of the company is not substantiated by the record and is directly contrary to his own testimony given on behalf of the Insurance Company. That testimony

given under examination by counsel for the Insurance Company is as follows:

"Q. What brought you to the city that day? A. Well, I come to the city quite often on Sundays.

"Q. Just for pleasure? A. Partly pleasure and partly to see how things were going.

"Q. What was the nature of this trip? Did you have any particular duty in the yard that day? A. Nothing particular, just to see how things were going along."

The testimony introduced on behalf of Nelson at the hearing later, when the Insurance Company was not represented, was not concerned with this phase of the case, but only with the phase as to whether or not Nelson was hurt in attempting to rescue a child, and no evidence counter to that above quoted was sought to be introduced by the Insurance Company. Under these circumstances the Insurance Company cannot claim that the fact as to the occasion for Sibley being present at the barn is any more favorable to it than is disclosed by the testimony quoted. That testimony makes it plain that while Sibley may have come to the city partly for his own pleasure, he was at the barn partly at least on his company's business, to see, as president, "how things were going along."

The utmost, therefore, that the Insurance Company can properly contend for as the facts, are, that Nelson was in the employ of the Sibley Company, that he was at the latter's barn at the time of the accident stabling horses in the course of his employment, and that he was injured in an attempt to rescue a child that was in danger of being run down on the company's premises by an automobile driven by the president of the company, who was there on company business.

[2] We have no hesitation in saying that upon these facts —and as we have said, they are the most favorable that can be properly contended for by the Insurance Company—Nelson was injured in the course of his employment. To be sure, he was not employed to rescue children. But certainly it was reasonably within the course of his employment, within the scope of those things which might reasonably be expected of him as an employee, that he should attempt to prevent an accident on his employer's premises, particularly where the employer would not improbably be responsible for the accident. It is not difficult to imagine how summarily the services of an employee would be dispensed with, who, seeing that such

an accident was about to happen, held back and did nothing to prevent it on the excuse that it did not come within the scope of his employment. If, in this case, Nelson, instead of being injured in an attempt to prevent a child being run over on his employer's premises by an officer of his employer there on his company's business, had been injured in an attempt to put out an incipient fire accidently started in the barn, it is hardly possible that any question would have been made. Yet there is no real distinction between the two cases. Nelson was no more employed to put out fires than he was to rescue children. The point is that the danger which threatened, and in attempting to remove which he was hurt, was one which threatened his employer and directly concerned it, and with which Nelson was confronted in the discharge of his customary duties.

If authorities are needed in support of what seems to us so obvious, we would refer to *Dragovitch* v. *Iroquois Iron Co.*, 269 Ill. 478, [109 N. E. 999]; *Waters* v. *Taylor*, 218 N. Y. 248, [L. R. A. 1917A, 347, 112 N. E. 727]; and *United States etc. Co.* v. *Industrial Accident Com.*, 174 Cal. 616, [163 Pac. 1013].

It follows that the petitioner was not, in fact, prejudiced by the holding of the hearing in question without the petitioner being present or represented or having an opportunity to be present or represented.

There remains for consideration the matter of the admission in evidence of the deposition. It was taken, as we have said, in an action brought by Nelson to which neither the employer nor the Insurance Company was a party. As to them it was hearsay and not within any of the exceptions to the hearsay rule. It was the deposition of one Dr. Eaves. A portion only was admitted and that concerned solely the extent of the injuries suffered by Nelson.

It is also the fact that it was admitted in evidence at the hearing at which the Insurance Company was not represented nor given an opportunity to be represented. This last fact, however, is immaterial. This would not be true if the Insurance Company, on learning of the deposition, had asked for permission to introduce counter evidence, and had been refused. If such a request had been made, it certainly should have been granted. [3] But the fact is that while the company petitioned for a reopening of the case to permit it to introduce further testimony, the testimony sought to

be introduced was not in rebuttal of the deposition or at all concerned with the only point touched upon by it. This being true, the only thing which the Insurance Company could have done to better its situation, if it had been represented at the hearing, would have been to have made and reserved an objection to the introduction of the deposition. This it may be considered as having done. The question, therefore, is one simply as to the validity of such objection, or in other words, as to the admissibility of the deposition.

[4] That the deposition, although hearsay as to the parties against whom it was introduced and not within any exception to the hearsay rule, was yet admissible, is settled by section 60, subdivision (a), of the "Workmen's Compensation, Insurance and Safety Act of 1917" (Stats. 1917, p. 831), which reads:

"All hearings and investigations before the commission or any member thereof, or any referee appointed thereby, shall be governed by this act and by the rules of practice and procedure adopted by the commission, and in the conduct thereof neither the commission nor any member thereof, nor any referee appointed thereby, shall be bound by the common law or statutory rules of evidence and procedure, but may make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this act. No informality in any proceeding or in the manner of taking testimony shall invalidate any order, decision, award, rule or regulation made, approved or confirmed by the commission; nor shall any order, award, rule or regulation be invalidated because of the admission into the record, and use as proof of any fact in dispute, of any evidence not admissible under the said common law or statutory rules of evidence and procedure."

It follows that the writ should not issue on either of the grounds advanced and it is therefore denied.

Lennon, J., Shaw, J., Wilbur, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Lennon, J., who was absent.