[Civ. No. 30428.   Second Dist., Div. Four.   Aug. 7, 1967.]

JUDY BUFFINGTON, Plaintiff and Respondent, v. BONNIE
L. OHMERT, Defendant and Appellant; RICHARD
OHMERT, Defendant and Respondent.

Bonnie L. Ohmert, in pro. per., for Defendant and Appellant.

Edward J. Skelly for Defendant and Respondent.

No appearance for Plaintiff and Respondent.

JEFFERSON, J.—Defendant Bonnie Ohmert appeals from a judgment in favor of her codefendant husband Richard Ohmert, and against her (with her consent), in an action brought by her mother Judy Buffington (who does not appeal). The latter alleged that the defendants, then in the process of securing a divorce, had borrowed money from her on three separate ocasions between the years 1951 and 1958, and had not repaid it. Mrs. Ohmert admitted liability; Mr. Ohmert denied any indebtedness. He asserted that the funds advanced were gifts; that even if held to be loans, recovery was barred by the statute of limitations. In finding in favor of Mr. Ohmert, the trial court concluded that the statute of limitations was a good defense.

Initially, the question is raised whether Mrs. Ohmert has standing to bring this appeal. Is she a "party aggrieved" by the judgment within the meaning of Code of Civil Procedure section 938? A "party aggrieved" is one who has an interest recognized by law in the subject matter of the judgment and whose interest is injuriously affected by the judgment. (*Danielson* v. *Stokes*, 214 Cal.App.2d 234, 237 [29 Cal.Rptr. 489].)

Mrs. Ohmert had a right of contribution which was cut off by the judgment in favor of her codefendant husband. Civil Code section 1432 provides: "A party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him." Since the judgment in favor of her husband deprived her of this right, Mrs. Ohmert is aggrieved.

The rule alluded to by Mr. Ohmert, that a defendant who is individually liable is not aggrieved by the exoneration of a codefendant (*Du Frene* v. *Kaiser Steel Corp.*, 231 Cal.App.2d 452, 455 [41 Cal.Rptr. 834]), applies to joint tortfeasors whose right of contribution is strictly limited, coming into existence only after a money judgment has been rendered jointly against them. (*Guy F. Atkinson Co.* v. *Consani*, 223 Cal.App.2d 342 [35 Cal.Rptr. 750]; Code Civ. Proc., §§ 875-

880 [enacted in 1957].) Unless and until that event occurs, no right exists between joint tortfeasors. But here, the right exists prior to and quite apart from the judgment.

We have examined all of the evidence which was before the trial court. We conclude the judgment must be affirmed since ample evidence was presented to support the finding that recovery was barred by the statute of limitations.

Suit was not commenced until December 1963. It is undisputed that the money was advanced between 1951 and 1958, and that the asserted loans were not evidenced by anything in writing. The applicable statute of limitations is two years. (Code Civ. Proc., § 339.)

From plaintiff's testimony, it could reasonably be concluded that the loans were payable on demand, or within a reasonable time if no demand was made. For purposes of the statute of limitations, loans payable on demand are deemed payable at their inception, and the statute begins to run from such time. (*Carrasco* v. *Greco Canning Co.,* 58 Cal.App.2d 673 [137 P.2d 463], and see annotations in 71 A.L.R.2d 284 and 159 A.L.R. 1021.) The evidence clearly supports the conclusion that, prior to this suit, more than two years had elapsed since the last of the loans became payable.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 5, 1967.