[Civ. No. 29508. Fourth Dist., Div. Two. Aug. 31, 1983.]

ALFONSO ARIAS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
RAMONA PAGEANT ASSOCIATION et al., Respondents.

COUNSEL

Thompson, Talbott & LeMaster and George D. Thompson for Petitioner.

Parker & Dally, Joan Partritz, Agnes T. Barling, Gloria Barrios, Stephen M. Deen, Walter Riley, Lesley L. Wilbur, John Rea and David B. Allen for Respondents.

OPINION

KAUFMAN, J.—Petitioner Alfonso Arias sought review of a decision and order of the Workers' Compensation Appeals Board (Board) denying reconsideration of an order that denied his petition to reopen. We issued a writ of review.

### Facts

The applicant, Alisia B. Aviles, allegedly suffered an injury to her leg and back during a performance by her as a vocal soloist in the Ramona Pageant on April 25, 1976. She allegedly tripped while descending some stairs and landed with her weight on her right leg.

The Ramona Pageant is put on annually by the Ramona Pageant Association. The applicant first began singing in the pageant in about 1960 and had performed regularly in the pageant for about 11 years prior to 1976. In past years she had been paid directly by the pageant association, but in 1976 her fee of $300 was paid to her by a check from Alfonso Arias, the petitioner herein. However, her lodging during the performance and rehearsals was paid for directly by the Pageant Association.

In respect to her participation in the pageant in 1976 she had been contacted by petitioner Arias who was himself a musician who performed annually in the pageant. A written agreement had been executed between the association and Mr. Arias pursuant to which Mr. Arias was to procure to participate in the pageant a troup of ten entertainers consisting of six musicians including himself, a female vocal soloist and two female and one male Spanish dancers. Mr. Arias was to receive an aggregate sum of $3,235 out of which he was to pay the troup apparently. The performers in the troup were "all to be of artistic ability acceptable to the [association]." Similar agreements had been entered into by the association and Arias for a number of years past.

Late in June 1979 the applicant filed with the Board an application for adjudication of claim alleging injury in the course and scope of her employment by the Ramona Pageant Association. The association's workers' compensation insurance carrier for the period in question was American Insurance Company.

Mr. Arias was not insured for workers' compensation liability.

In mid-August 1979, American Insurance Company filed an answer on behalf of the association denying injury AOE/COE as well as employment. It was affirmatively alleged in the answer that the "applicant is an employee of Alfonso Aris [sic]."

On September 27, 1979, a joinder order issued from the Board ordering that "Alfonso Arias, uninsured," and the Uninsured Employers Fund be joined in the proceeding as parties defendant. However, it is asserted by petitioner and not controverted that he was not served with a copy of the order. The Uninsured Employers Fund asserts without contradiction that it was not served with the order either until more than a year after the order was issued. (See also fn. 2, *infra.*)

On or about January 31, 1980, counsel for American Insurance Company and the association gave notice of a hearing on February 28, 1980, "on the

issue of injury AOE/COE." The notice of hearing, however, was not served on either Mr. Arias or the Uninsured Employers Fund.

A hearing before a workers' compensation judge (WCJ) took place at the noticed time, but, apparently upon the agreement of counsel for the applicant and American Insurance Company and the association, the hearing was limited to the issue of employment rather than injury AOE/COE as set forth in the notice. Mr. Arias appeared at the hearing in response to a subpoena. He was without counsel and so far as the record indicates he was without notice that he was a defendant in the action and was not treated as a party but only as a witness.[1]

As a result of the hearing the WCJ issued a decision that the applicant was not an employee of the Ramona Pageant Association and made an order dismissing the association and American Insurance Company as parties defendant.

The applicant did not timely seek reconsideration. Mr. Arias was not served with the decision and, of course, not realizing that he had been joined as a party defendant, he filed no petition for reconsideration either.

On September 29, 1980, the applicant requested her application be amended to allege that her employer on the date of injury was Alfonso Arias."[2] At about the same time the claim against Mr. Arias was calendared for hearing on November 7, 1980. On the scheduled date the matter was taken off calendar "[p]ending further investigation of the matter by newly retained counsel for defendant Arias."

---

[1]In the answer to petition for writ of review filed on behalf of American Insurance Company and the Ramona Pageant Association it is asserted factually that at the hearing on February 28, 1980, "Judge Beck, along with the counsel for the Ramona Pageant and Applicant's counsel John Ellena explained to Mr. Arias prior to his testimony that he had been joined as a party defendant. It was explained that Mr. Arias was being asked to testify under oath pursuant to personal subpoena as a witness as well as a potential defendant. Mr. Arias stated that he had no reason not to testify and did not wish to obtain the services of an attorney at that time." No citation to the record is furnished for these asserted facts, and the only basis we have found in the record for them is allegations in the answer to the petition to reopen, which of course is not evidence. In the WCJ's "MINUTES OF HEARING AND SUMMARY OF EVIDENCE" Mr. Arias is listed as a witness, not as an appearing party, and in the summary of Mr. Arias' testimony there is not one word about Mr. Arias having been advised he had been joined as a party defendant.

It seems appropriate to observe that it is not proper appellate practice to state facts without supporting citation to the record and that it is unacceptable appellate practice to assert or refer to facts totally lacking evidentiary support in the record.

[2]Curiously enough, on June 4, 1980, applicant's attorney wrote to the WCJ requesting that the Uninsured Employers Fund be joined as a party defendant. This would seem to indicate that even the applicant's attorney did not know of the earlier joinder order.

On or about November 17, Mr. Arias filed a petition to reopen, alleging primarily that by inadvertence and mistake he had been denied his due process right to participate fully and be represented by counsel in the February 28 proceeding.[3]

The Pageant Association and American Insurance Company opposed the petition to reopen and on July 20, 1982, a WCJ's decision issued denying the petition to reopen which read in pertinent part as follows: "The trial judge concludes that because the Findings and Order, dated March 13, 1980, applied only to the relationship between applicant Aviles and Ramona Pageant Association, defendant Arias is not aggrieved by said determination. Defendant Arias seeks to relitigate a determination which had become final."

Mr. Arias petitioned for reconsideration stating inter alia: "The procedural morass and confusion surrounding the status of Petitioner in the proceedings is clear. Secondly, Petitioner did not appear with counsel to assist him in anyway [*sic*]. . . . [I]t is respectfully asserted that a more complete record including additional testimony as to the basic nature of theatre operations relative to the director, theater manager, vis-à-vis performers, and additional factual information would clearly show that the Applicant was an employee of the RAMONA PAGEANT ASSOCIATION.

"As indicated [above] it is quite possible that the Applicant was an independent contractor but it is . . . more likely that [the] Applicant was in fact solely an employee of the RAMONA PAGEANT ASSOCIATION. Certainly if she was not the latter the employment relationship, if such it be, was clearly one of *joint employment* and/or general/special employment all of which would impose liability upon the RAMONA PAGEANT ASSOCIATION who were insured for Workers' Compensation whereas the [petitioner] was not."

The Uninsured Employers Fund also petitioned for reconsideration pointing out all of the procedural irregularities involved in the earlier proceeding, contending that both it and Mr. Arias had been denied due process of law and urging that good cause existed for reopening. The applicant also filed a petition for reconsideration or, alternatively, a petition to reopen. The Pageant Association and American Insurance Company opposed reconsideration.

---

[3]The petition to reopen also asserted "that additional evidence is available over and above the present record to show beyond dispute that [the applicant] was a[n] employee of The Ramona Pageant Association at the time of the claimed injury." As the WCJ intimated in his report and recommendation on reconsideration, the quoted assertion is too general and unspecific to constitute a compelling basis for reopening.

In his report to the board the WCJ recommended the petitions for reconsideration be denied, essentially for the same reasons his order denied the petition to reopen in the first instance: that Arias and the Uninsured Employers Fund were not directly affected by the earlier findings and order because it related only to the relationship between the applicant and the association and the relationship between the applicant and Arias was yet to be determined; and that in essence, the petitioning parties were attempting to relitigate a matter that had been finally adjudicated since no party had timely sought reconsideration of it. The board denied reconsideration for the reasons stated by the WCJ in his report, which the board incorporated by reference and adopted.

### Discussion

The decision of the board and its adopted reasons are unsound; its order must be annulled.

### Arias Is Aggrieved by the Order

In his report and recommendation the WCJ observed that Arias was not "directly" affected by the decision that the applicant was not an employee of the Pageant Association. However, subdivision (a) of section 5900 of the Labor Code[4] reads in pertinent part: "Any person aggrieved *directly or indirectly* by any final order, decision, or award made and filed by the appeals board or a referee under any provision contained in this division, may petition the appeals board for reconsideration in respect to any matters determined or covered by the . . . order, decision, or award. . . ." (Italics added.)

Clearly, Arias was at least indirectly affected by the determination the applicant was not an employee of the Pageant Association and the order dismissing the association and its workers' compensation insurer as defendants in the proceeding. Given the statutory mandate for liberal construction of the statute to provide benefits (§ 3202) and the precedential decisions mandating the resolution of doubtful cases in favor of a finding of employment (see *LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 241 [193 Cal.Rptr. 547, 666 P.2d 989]), the elimination from the case of one of the only two parties who could be the employer necessarily affects rather substantially the party who remains as the only other possible employer. Moreover, petitioner is correct that the possibility exists of a joint employment, and we also observe that the contract between the association and Arias may simply have made Arias the association's agent for employ-

---

[4]All further statutory references will be to the Labor Code unless otherwise specified.

ing the troup. Given these possibilities there can be no question but what Arias was affected by the decision and is aggrieved. (Cf. *Buffington* v. *Ohmert* (1967) 253 Cal.App.2d 254, 255-256 [61 Cal.Rptr. 360]; *Guardianship of Pankey* (1974) 38 Cal.App.3d 919, 926 [113 Cal.Rptr. 858].)

*Finality of the Earlier Order*

■ The conclusion that the earlier determination became final because none of the parties timely sought reconsideration is both irrelevant and erroneous for the most part. In sections 5803 and 5804 the board is given continuing jurisdiction for a period of five years from the date of injury over all its orders, decisions and awards. Section 5803 provides in pertinent part: "At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any such order, decision, or award, good cause appearing therefor." Obviously, the Board is empowered to exercise its authority as to an order even though no party timely sought reconsideration of it.

And as to Arias, at least, the order never became final. Though an order issued joining him as a defendant, he was never served with it, and so far as the record indicates he had no notice of it. He appeared at the hearing on February 28, 1980, as a subpoenaed witness and so far as the record indicates participated in the proceedings as a witness, not a party. He was not given any opportunity to present evidence of his own nor to cross-examine the witnesses. He had no proper notice either that he was a party to the proceeding or of the issues to be heard. Any conclusion that the determination is final as to him on this record would violate fundamental principles of due process of law.

The unhappy situation presented in which the determination could be said to be final as to one or more parties but not final as to others strongly suggests that the issue of employment should not have been litigated piecemeal as to one party only. When the possibilities exist of joint employment or employment by one party through an agency contract with another party and where the claims of the several parties are intertwined and interrelated, it is simply improvident to attempt to adjudicate the issue of employment with respect to one defendant at a time. (Cf. *General Insurance Co. of America* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 278, 285 [128 Cal.Rptr. 417, 546 P.2d 1361].)

*Good Cause for Reopening*

■ Finally, the Board through the WCJ incorrectly concluded that no good cause for reopening had been shown. It may well be as the WCJ

intimated that the additional evidence Arias wanted to adduce was insufficiently identified. (See fn. 3, *ante.*) ■ However, newly discovered or additional evidence is not the sole basis on which a petition to reopen may be granted. What constitutes good cause for reopening depends largely on the circumstances of each case. (*Bartlett Hayward Co.* v. *Indus. Acc. Com.* (1928) 203 Cal. 522, 532 [265 P. 195]; *Nicky Blair's Restaurant* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 941, 955 [167 Cal.Rptr. 516].) And while the Board's determination of what constitutes good cause is entitled to great weight, it is not conclusive. (*Id.*, at p. 956; *Aliano* v. *Workers' Comp. Appeals Bd.* (1979) 100 Cal.App.3d 341, 366 [161 Cal.Rptr. 190].)

Good cause for reopening may be found in a mistake of fact, a mistake of law, inadvertence, newly discovered evidence, fraud, (see *Nicky Blair's Restaurant* v. *Workers' Comp. Appeals Bd., supra,* 109 Cal.App.3d at p. 956, quoting 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1980) § 9.02[2][c], p. 9-15) or "any factor or circumstance unknown at the time the original award or order was made which renders the previous findings and award 'inequitable.'" (*LeBoeuf* v. *Workers' Comp. Appeals Bd., supra,* 34 Cal.3d at p. 242.) ■ Here the facts establish either mistake of fact, mistake of law, inadvertence or a combination of them. However it is characterized, the essence of the defect in the proceeding on February 28, 1980, was that Alfonso Arias should have participated not just as a subpoenaed witness but as a party with the right to present evidence and cross-examine witnesses after due notice of his status as a defendant and the issues to be tried. An order had issued making him a party, but due to mistake of fact or law or inadvertence he was not treated as a party and was not permitted to participate in the proceedings as a party. It is not at all improbable that with the assistance of counsel he could have adduced evidence of the relationships between the parties and the practices of the parties over the years that would have materially affected the determination of whether or not the applicant was an employee at the time of her injury and if so whose employee she was.

While no doubt the case may be distinguished in some respects, many of the facts in *Ocean A. & G. Corp.* v. *Industrial Acc. Com.* (1919) 180 Cal. 389 [182 P. 35], are strikingly similar, and the language of the court seems not inappropriate: "The essence of the complaint of the petitioner, both as set forth in its petition, and as presented in argument at the hearing is, first, that a referee of the commission held a hearing without notice to the petitioner, and without its being represented, at which hearing testimony directly controverting the contention of the petitioner was presented without any opportunity for cross-examination, and that the commission subsequent-

ly refused to reopen the case to permit of such cross-examination and the introduction of counter-testimony . . . .

"The return of the commission to the order to show cause discloses a case where in all fairness, to say the least, the hearing should not have been proceeded with by the referee in the absence of the petitioner or some one representing it. This being true and the hearing having been nevertheless proceeded with, the commission in its turn should have reopened the matter. . . ." (180 Cal. at p. 390.)

### Conclusion and Disposition

Alfonso Arias is aggrieved by the Board's decision and order and good cause to reopen has been shown as a matter of law. The decision and order are annulled.

Morris, P. J., and Rickles, J., concurred.