Filed 12/7/15  Thomas v. Dang CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ADLY H. THOMAS,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KHANH PHI DANG,<br><br>    Defendant and Appellant. | G050598<br><br>(Super. Ct. No. 30-2013-00662624)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thierry Patrick Colaw, Judge.  Affirmed.

Jerome D. Stark for Defendant and Appellant.

Wilson Kyncl & Khashan and Milan Kyncl for Plaintiff and Respondent.

\*          \*          \*

In 2013, Adly Thomas sued his longtime friend Khanh Phi Dang because she didn't pay off a note she signed for $105,114.79 at 4.2 percent annual interest back in May 1993. The note has no terms specifying repayment other than a promise to pay it back on demand.[1] Thomas did not ask for repayment until December 2012. The trial judge found that the note reflected a loan that Thomas made to Dang to help her pay for a house in Fountain Valley, and gave judgment for the balance of the note.[2] Dang represented herself at trial. While she did not present an entirely comprehensible or linear narrative, her main point at trial seems to have been that the note wasn't really a loan after all, but was a scheme by Thomas to hide community assets in his divorce and in any event she had paid him back.[3] On appeal, Dang, now represented by counsel, argues that the statute of limitations ran on all her indebtedness to Thomas no later than 2004.

Dang, however, did not raise the statute of limitations at trial. We have examined the entire transcript of the trial, and have found no mention by Dang, representing herself, of the statute of limitations. While the issue was included in what was an obvious boilerplate answer, and also in a document called "objections to proposed judgment" filed after the trial but before the judgment, it was not mentioned at all *at* trial.

If the statute of limitations is not raised at trial, the issue is waived for purposes of appeal. (*Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1232 ["Western urges these three causes are time barred for the first time on appeal.

---

[1] We reproduce the entirety of the note here: "The undersigned maker promises to pay ADLY HANNA THOMAS or order the sum of $105,114.79 plus interest @ 4.2 per annum as per Fixed Rate Certificate Account Number 114-618085 issued by Coast Federal Bank on 3/3/93 which matures on 11/28/93. [Signed by Khanh Phi Dang] [Dated: "5/21/93"].

[2] The judgment is for $125,325 plus costs. The calculation, as made by the trial judge in open court, first took an earlier loan Thomas had made to Dang for about $43,000, then added the note for $105,114, and from that deducted $80,000 for the value of property that Dang transferred to Thomas in 1999. Then he added interest to that sum at 4.2 percent rate. There is no issue in this case regarding the accuracy of the trial court's math.

[3] There was testimony by Thomas contradicting the theory the loan was to hide community property. He testified that the $105,114 was part of his share of community property and was properly considered by the family law court in his divorce.

Since the statute of limitations defense was not raised below, it is waived."]; accord, *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.* (1985) 172 Cal.App.3d 914, 940, fn. 4 ["In civil actions, the statute of limitations is a personal privilege and must be affirmatively asserted or it is deemed waived. . . . Since the District failed to assert this statute of limitations defense below, the defense is deemed waived."]; accord, *366–386 Geary St., L.P. v. Superior Court* (1990) 219 Cal.App.3d 1186, 1199 ["real parties failed to adequately raise this issue in the superior court, and it may not be raised for the first time on appeal"].)

We need only add, by way of dicta, two comments. First, if this court were to award medals to trial court judges for patience in bending over backwards to insure that self-represented litigants really do "get their day in court," it would award one to Judge Colaw here. An examination of the trial transcript shows he patiently threaded his way through Dang's sometimes hard-to-follow testimony and argument, giving due consideration to both Thomas' counsel's (numerous) objections and Dang's inchoate attempts to articulate her case.[4]

Second, there are times when lawyers really do earn their keep. While we do not decide the issue of the statute of limitations raised by Dang's appellate counsel on its merits, we do observe that the issue is certainly not frivolous. (See *Buffington v. Ohmert* (1967) 253 Cal.App.2d 254, 256 ["For purposes of the statute of limitations, loans payable on demand are deemed payable at their inception, and the statute begins to

---

[4] We'll give two examples. In each case Dang was asking questions of Thomas:
(1) "Q. No, Mr. Thomas, because I want very clear how that happened because counting from the check that you say you lent to me $43,000. In the first place this is not from insurance company. This is very wrong. You lie again to the court, and you lie to yourself because this is not insurance. This is household bank and remittitur itself. Does that mean that you went to the bank and close account you have with them so they issue a check for $43,000? This is not insurance company."
(2) "By Ms. Dang: Q Assuming that this is a check you say you loan to me, and then I open it up here, put on account with my name, with your address, is that stupid? Am I stupid to do that? If I borrow from you?"

run from such time."].)[5] Dang at one point told the court that she came to this country with $500 in her pocket, and, because of her hard work and personal honesty, she now had over a million dollars.  She thus certainly could have hired a lawyer at the trial court level.

The judgment is affirmed.  Respondent shall recover his costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.

---

[5]     The respondent's brief asserts that Thomas and Dang "renewed the loans yearly" up to Thomas' 2012 demand for payment, but provides no record references for the assertion.