[Civ. No. 27371.   Second Dist., Div. Three.   Dec. 7, 1964.]

TEITELBAUM FURS, INC., et al., Plaintiffs and Appellants,
v. THE DOMINION INSURANCE COMPANY, LTD.,
et al., Defendants and Respondents.

Leland, Plattner & Kalik and H. L. Kalik for Plaintiffs and Appellants.

Thomas P. Menzies and James O. White, Jr., for Defendants and Respondents.

RICHARDS, J. pro tem.*—Appeal by plaintiff corporations from that portion of a judgment awarding defendants costs of suit and costs of appeal against Albert Teitelbaum, individually, who is not a party to the action.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

In this action to recover under contracts of insurance for losses allegedly arising out of a robbery, the jury returned a verdict for plaintiffs. The trial court granted defendants' motion for new trial and denied defendants' motion for judgment notwithstanding the verdict. Plaintiffs appealed from the order granting a new trial and defendants appealed from the judgment. The Supreme Court reversed the order granting a new trial and directed the trial court to enter judgment for defendants. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.*, 58 Cal.2d 601, 607 [25 Cal.Rptr. 559, 375 P.2d 439].) The opinion of the Supreme Court concludes with this statement: "Defendants shall recover their costs on these appeals."

Thereafter defendants moved for entry of judgment in accordance with the opinion and remittitur and further moved "to include as a person against whom judgment for costs shall be entered Mr. Albert Teitelbaum." Defendants also filed a memorandum of costs on appeal claimed by defendants against plaintiff corporations "and Albert Teitelbaum." Defendants' motion for entry of judgment and "FOR INCLUSION OF ALBERT TEITELBAUM AS A PARTY AGAINST WHOM JUDGMENT FOR COSTS BE ENTERED" was granted and the court entered a judgment awarding both costs of suit and costs on appeal against plaintiff corporations and against Albert Teitelbaum, individually.

Section 938 of the Code of Civil Procedure provides, in part, that "Any party aggrieved may appeal in the cases prescribed in this title." This appeal is by plaintiff corporations "from so much of the Order granting judgment to the defendants in this action as it pertains to the granting of judgment against Albert Teitelbaum, individually, who was not a party to the action." Plaintiff corporations do not appeal from the judgment for costs as entered against them but only as it was entered against Albert Teitelbaum who himself has not appealed. ██ Plaintiff corporations are not aggrieved, directly or indirectly, by a judgment for costs rendered against Mr. Teitelbaum. ██ A "party aggrieved" has been defined as any person having an interest recognized by law in the subject matter of the judgment, which interest is injuriously affected by the judgment. (*Estate of Colton*, 164 Cal. 1, 5 [127 P. 643].) The interest of plaintiff corporations in the judgment for costs against them is not injuriously affected by the judgment for costs against Mr. Teitel-

baum. ■ Ordinarily an appeal is limited to that part of the judgment which affects the rights of appellant. (*Fisher v. Nash Bldg. Co.*, 113 Cal.App.2d 397, 404 [248 P.2d 466].) ■ A corporation against whom a judgment is entered is not aggrieved by that portion of the judgment which is also entered against others who are not parties to the action. (*Dennis v. Table Mountain Water Co.*, 10 Cal. 369, 370.)

Plaintiffs' appeal must be dismissed as they are not aggrieved by that portion of the judgment from which they appeal.

Appeal dismissed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied January 4, 1965.