[Civ. No. 43456. Second Dist., Div. Five. Oct. 15, 1974.]

In re SARAH L., a Minor.
SARAH L. et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC
SOCIAL SERVICES, Defendant and Respondent.

**COUNSEL**

Daniel M. Luevano, Rosalyn M. Chapman, Philip L. Goar, W. Kenneth Rice, Stephen S. Monroe, Gerald Blank and Marvin Klynn for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Paul I. Metzler, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—Juvenile dependency proceeding. (Welf. & Inst. Code, § 600, subd. (a).)[1] The minor and her father have filed a purported appeal from orders of the juvenile court granting a rehearing after a proceeding before a referee, and denying their "motion to quash" the rehearing. Petitioner below, the Los Angeles County Department of Public Social Services (DPSS), has filed a motion to dismiss the appeal.

FACTS

The facts are limited to the issue of appealability.

In 1970 the minor was declared to be a dependent child, but permitted to remain with her father. In April 1973, DPSS filed a supplementary petition (see §§ 775-777) to remove the minor from her father's home.

A hearing was held before a referee on May 31, 1973. After taking evidence, the referee stated that she "would much prefer to leave [the minor] home" with her father. The deputy district attorney, representing the DPSS, said: "Your Honor, DPSS recommends that the case be completely dismissed because there is no way to supervise this man and this child. . . . They don't want to have anything to do with the child." The referee then ordered that the minor's status as a dependent child be terminated, and dismissed the case.

On June 13, 1973, after receiving a letter from a DPSS "Coordinator" of "Juvenile Court Services," questioning the disposition at the May 31 hearing the juvenile court judge ordered: "On the Court's own motion pursuant to Section 559 . . . the matter is hereby calendared for rehearing as to disposition . . . ."

A motion to quash the rehearing proceedings was noticed by the minor

---

[1]All references, except as noted, are to the Welfare and Institutions Code.

and her father, and on August 13, 1973, the motion was heard by the juvenile court judge, who denied it and continued the matter for a new disposition hearing.

## DISCUSSION

■ Appellants contend that the juvenile court judge's orders of June 13, granting a rehearing based on an ex parte letter from the DPSS coordinator, of August 13, refusing to quash the rehearing, were erroneous or void. The county contends that the orders are not appealable. We agree with the county.

This case was heard by a referee, as authorizd by the Juvenile Court Law. (§ 553.) If a case is heard by a referee, the parent or guardian may apply for a rehearing within 10 days (§ 558), or, a juvenile court judge may on his own motion order a rehearing within 20 days. (§ 559.)[2] The referee's order becomes final when the time to grant a rehearing expires. (§ 556.) All rehearings of matters heard before a referee must be heard de novo by a judge of the juvenile court. (§ 560.) Thus, the referee's order is a conditional one. (*In re Bradley, supra,* 258 Cal.App.2d 253, 260 [65 Cal.Rptr. 570]; see, *Donald L.* v. *Superior Court,* 7 Cal.3d 592, 598-599 [102 Cal.Rptr. 850, 498 P.2d 1098].)

Section 800 governs appeals and provides: "A judgment or decree of a juvenile court or final order of a referee . . . of the juvenile court assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602 [dependent children or wards of the court] . . . may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; . . . ."

■ Juvenile court appeals are limited to the orders and judgments set forth in section 800. (*In re Corey,* 230 Cal.App.2d 813, 821 [41 Cal.Rptr. 379].) ■ The only possible source of a right to appeal the orders in this case granting a rehearing and denying the motion to quash is the phrase in section 800, "any subsequent order . . . ." This phrase means "any order of a juvenile court after judgment which affects the *substantial rights* of the juvenile irrespective of whether the order declaring a person to be a ward of the juvenile court has become final. [Citation.]" (*In re Corey, supra,* at p. 822. Italics added.) *Corey* involved an appeal from the denial

---

[2]Section 559 states in full: "A judge of the juvenile court may, on his own motion made within 20 judicial days of the hearing before a referee, order a rehearing of any matter heard before a referee."

of a petition under section 778—based on alleged changed circumstances. The appeal was held proper: absent such an appeal, the minor would have to remain confined under the original commitment, even if the section 778 petition had been erroneously denied, unless he filed a new petition showing additional changed circumstances.

·The minor in this case has no such problem. Her status based on facts existing at the time of the hearing is in no way concluded; the rehearing will be de novo. Although the minor claims that the referee's order terminating jurisdiction over her was a "substantial right," which was affected by the challenged orders, this claim is untenable in light of the express statutory authorization that a juvenile judge may grant a rehearing on his own motion, without limitation as to cause (*ante*, fn. 2).

Appellants, apparently recognizing this difficulty, assert by analogy to private civil disputes, ·that because the DPSS consented to the dismissal, all errors were waived and the order was final forthwith,· and therefore the judge had no jurisdiction to grant a rehearing. The contention is specious. ▮ By authorizing the juvenile court judge to grant a rehearing on his own motion, the Legislature has disabled the parties from consenting to a disposition that ousts the court of jurisdiction.

▮ Appellants contend that even if the order is non-appealable, the proceeding should be treated as a petition for an extraordinary writ. We do not believe that appellate review, under any label, is appropriate at this time.

In *Donald L.* v. *Superior Court, supra,* 7 Cal.3d 592, 598-599, a writ proceeding *after* a rehearing under section 559, the minor contended that if the court acts on ex parte information in granting a rehearing—precisely what happened here—the illegality invalidates "all subsequent proceedings in the juvenile court." Despite the Supreme Court's caution that "the presiding judge's stated policy of acting upon informal requests for rehearing without affording the parties opportunity to be heard . . . may well be of doubtful constitutionality," it rejected the minor's contention: "[W]e can find no prejudice to the minor since the issue of fitness was fully and fairly reheard de novo by a judge other than the one who ordered the rehearing." (*Id.* at p. 599.)

Under *Donald L.,* it would be idle for this court to review the procedures in granting the rehearing in isolation from the merits of the case. If the rehearing results in a disposition favorable to appellants, any errors in

granting it are moot; but even if the disposition is unfavorable, as in *Donald L.,* if the rehearing itself is fair, any irregularity in granting it is academic.[3]

The appeal is dismissed. Treating the matter as a petition for writ of mandate or prohibition, the writ is denied.

Stephens, J., and Hastings, J., concurred.

A petition for a rehearing was denied November 7, 1974, and appellants' petition for a hearing by the Supreme Court was denied December 18, 1974.

---

[3]We are informed by counsel that the juvenile court stayed proceedings on the rehearing pending this appeal.