[Civ. No. 43558. First Dist., Div. Two. Feb. 23, 1979.]

FRANK E. WINTER, Plaintiff and Respondent, v.
ROBERT GNAIZDA, as Director, etc., Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Charlton G. Holland and Winifred Younge Smith, Deputy Attorneys General, for Defendant and Appellant.

Hassard, Bonnington, Rogers & Huber and David E. Willett for Plaintiff and Respondent.

**OPINION**

**KANE, J.**—Defendant Robert Gnaizda in his capacity as Director of the California State Department of Health (hereafter appellant or DOH) appeals from a judgment rendered in an action for declaratory relief. The stipulated facts, along with the pertinent portions of the record, reveal the following background:

On or about April 8, 1972, John Roushkolb, a minor was injured in an automobile accident. Roushkolb was eligible for medical care under the California Medical Assistance Program (Medi-Cal). He sought and received medical treatment from Dr. Frank E. Winter, a licensed California physician (hereafter respondent). Respondent presented a bill for $760 for the Medi-Cal services rendered. In accordance with the uniform fee schedule (Cal. Admin. Code, tit. 22, § 51501 et seq.) respondent was compensated by Medi-Cal in the amount of $503.

Codefendant Henry O. Lienhard, a licensed attorney, who represented Roushkolb in the personal injury matter, recovered insurance proceeds for his client under an uninsured motorist claim. After the recovery was effected, respondent submitted a bill to Lienhard and Roushkolb for $257, the difference between the amount charged in the original bill and the sum paid by Medi-Cal.

Before honoring the new bill, Lienhard telephoned Blue Shield, the fiscal intermediary for the Medi-Cal program, seeking advice from an employee whether he should pay the differential sum of $257. When he was advised that respondent was not entitled to any additional amount under Medi-Cal regulations, Lienhard refused to pay the bill.

Thereupon, respondent initiated an action for declaratory relief against both Lienhard (who held the insurance proceeds in trust for the minor) and DOH, claiming that he was entitled to the difference between what he received from Medi-Cal and what his fee would have been had Roushkolb been a private patient. In his complaint, respondent did not demand any additional amount from Medi-Cal, nor did he challenge the application of the Medi-Cal fee schedule and/or the reasonableness of the sum that he had already received under said schedule. DOH was made a party defendant to the action solely on the basis that codefendant Lienhard refused to pay the disputed differential amount upon the advice of Medi-Cal's fiscal intermediary.[1]

---

[1]The pertinent part of the complaint reads as follows:

"Defendant Lienhard now holds in trust the sum of Twò Hundred and Fifty-Seven Dollars ($257.00), the amount due and payable to Plaintiff for medical services rendered. Although demand has been made on *Defendant Lienhard* for said sum, he *has refused to forward said sum, basing his failure to do so upon information from Defendant Stubblebind, and his agents and employees, that Plaintiff is not entitled to said sum under rules and regulations of the Medi-Cal program.*" (Italics added.)

"An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiff contends that he is entitled to payment of said sum, whereas Defendant Lienhard denies that claim, and *Defendant Stubblebind purports to advise Defendant Lienhard, on the basis of purported legal authority, that said sum should not be paid.*" (Italics added.)

Appellant filed a timely demurrer to the complaint, claiming inter alia that declaratory relief was unavailable against DOH because respondent failed to allege the existence of an actual controversy between himself and DOH within the meaning of the declaratory relief statute (Code Civ. Proc.,[2] § 1060). The trial court overruled appellant's demurrer, and proceeded to trial against both defendants. After receiving evidence and hearing the arguments of the parties, the trial court held that respondent was entitled to recover the difference between his full fee and the lesser amount paid under the Medi-Cal program. In accordance therewith, judgment was entered ordering defendant Lienhard to deliver the sum of $257 to respondent. As to appellant, the court declared that "The State of California has no further claim to assert in this matter."[3]

Although the parties address with considerable detail the substantive issues raised in, and decided by, the trial court, we are prevented from reaching those issues. Rather, we are compelled to dismiss the appeal for the following reasons:

■ At the very outset we emphasize that, pursuant to section 902, only an "aggrieved party" has a right to appeal. As the case law explains, a *"party aggrieved" is one* who has an interest recognized by law in the subject matter of the judgment and *whose interest is injuriously affected by the judgment (Buffington* v. *Ohmert* (1967) 253 Cal.App.2d 254, 255 [61 Cal.Rptr. 360]; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co.* (1964) 231 Cal.App.2d 80, 81 [41 Cal.Rptr. 597]). In order to give rise to an appeal, the *interest of appellant must be immediate, pecuniary, and substantial* and not nominal or a remote consequence of the judgment (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; *Leoke* v. *County of San Bernardino* (1967) 249 Cal.App.2d 767, 771 [57 Cal.Rptr. 770]).

■ When tested by the foregoing principles, the facts and the procedural history of the case eloquently demonstrate that the judgment appealed from here did not injuriously affect appellant's interest. Aside from the inconsequential sum of the cost of suit awarded to respondent,

---

[2]Unless otherwise indicated, all further references will be made to the Code of Civil Procedure.

[3]As a matter of fact DOH asserted no claim in this matter at any time. The only dispute was between respondent and Lienhard as to the distribution of $257.

appellant suffered no pecuniary or any other loss as a result of the judgment. The only person whose pecuniary interest was adversely affected by the decision was Roushkolb, who was not even a party.

But even apart from the aforestated considerations, the appeal at hand must be dismissed upon the further ground that DOH was not (and is not) a proper party to the declaratory relief action brought by respondent.

Section 1060 sets forth in pertinent part that "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, *in cases of actual controversy relating to the legal rights and duties of the respective parties,* bring an original action in the superior court or file a cross-complaint in a pending action in the superior, municipal or justice court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract." (Italics added.) "[A]ctual controversy" referred to in the declaratory relief statute is one which "admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the parties may or may not do." (*Selby Realty Co.* v. *City of Buenaventura* (1973) 10 Cal.3d 110, 117 [109 Cal.Rptr. 799, 514 P.2d 111]; *Silva* v. *City & County of San Francisco* (1948) 87 Cal.App.2d 784, 789 [198 P.2d 78]; *Conroy* v. *Civil Service Commission* (1946) 75 Cal.App.2d 450, 456 [171 P.2d 500].)

The record here discloses with unmistakable clarity that the only actual controversy calling for definitive and conclusive relief—as opposed to a mere advisory opinion—existed between respondent and codefendant Lienhard, as trustee of funds belonging to Roushkolb. At no time did respondent claim that DOH owed him any additional sum on account of providing professional services to Roushkolb, a Medi-Cal patient. On the contrary, the stipulated facts admit that appellant paid respondent the full amount of compensation allowed under the Medi-Cal rules and regulations. Notably, it is nowhere alleged that the Medi-Cal rules and regulations were unreasonable or unconstitutional; or that appellant threatened to take any legal action against respondent in case Lienhard failed to follow the legal interpretation given him by the Blue Shield agent; or that the agent had any legal authority to prevent Lienhard from

paying or discharging the bill. Since it is manifest that there is no justiciable controversy between DOH and respondent, any opinion which we might render would be advisory in nature (as was the decision of the trial court)[4] which is explicitly forbidden by law in an action brought for declaratory relief (*Selby Realty Co.* v. *City of Buenaventura, supra,* 10 Cal.3d at p. 117; *Zetterberg* v. *State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 661 [118 Cal.Rptr. 100]; *Monahan* v. *Dept. of Water & Power* (1941) 48 Cal.App.2d 746, 751 [120 P.2d 730]).

But even if assumed *arguendo* that DOH should be deemed somehow an interested party because the controversy at bench involved the interpretation of state regulations which are of great general interest, the declaratory relief action against appellant still must be held inappropriate. As repeatedly pointed out, the fact that an issue raised in an action for declaratory relief is of broad general interest is not enough for the courts to grant such relief in the absence of a true justiciable controversy (*Wilson* v. *Transit Authority* (1962) 199 Cal.App.2d 716 [19 Cal. Rptr. 59]; *California Water & Telephone Co.* v. *County of Los Angeles* (1967) 253 Cal.App.2d 16 [61 Cal.Rptr. 618]). Under an established line of authorities, a difference of opinion as to the interpretation of a statute as between a citizen and a government agency does not give rise to a justiciable controversy (*Zetterberg* v. *State Dept. of Public Health, supra,* 43 Cal.App.3d at p. 663; *Wilson* v. *Transit Authority, supra,* 199 Cal.App.2d 716; 26 C.J.S., Declaratory Judgments, § 46).

■ ■ To sum it up, the above discussion amply demonstrates that appellant was neither a proper party to the present declaratory relief action nor was it injuriously affected by the judgment within the meaning of the law. Since appellant has clearly failed to meet the legal requirement of being a "party aggrieved" (§ 902; *County of Alameda* v. *Carleson, supra,* 5 Cal.3d at p. 737), it has no legal right to pursue the present appeal.

The matter is remanded to the trial court with directions to dismiss the action as to the defendant Robert Gnaizda, in his capacity as Director of the California State Department of Health.

Taylor, P. J., and Rouse, J., concurred.

---

[4]As indicated before, the trial court was unable to formulate any specific or conclusive relief against appellant, and limited itself to the statement in the judgment that "The State of California has no further claim to assert in this matter."