[No. A030340. First Dist., Div. One. Dec. 12, 1985.]

In re CANDY S., a Minor.
CHARLES VILLAREAL, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
ETHEL S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976(b), the portion of the opinion to be published follows.

COUNSEL

William S. Bleecker for Defendant and Appellant.

James P. Botz, County Counsel, and Richard W. Ergo, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Ethel S., mother of Candy S., a minor, appeals from orders of the juvenile court, dated December 12 and 17, 1984, declaring, among other things, that Candy was a ward of the juvenile court.

. . . . . . . . . . . . . . . . . . . . . .*

Ms. S.'s *second* and remaining appellate contention is that: "The court has failed to examine the present circumstances as required in a 232 proceeding."

 It will be remembered that the juvenile court's order stated: "The matter is referred to the State Department of Social Services for the initiation of a [Civil Code section] 232 action."

---

*See footnote *ante,* page 329.

We are of the opinion that no appeal lies from such a *"reference"* to the State Department of Social Services for initiation of a section 232 action. It is only when a party is *"aggrieved"* by a judgment or order that he or she may appeal. (Code Civ. Proc., § 902.) For a valid appeal one must be injuriously affected by the court's ruling in an immediate and substantial manner, and *not* as a nominal or remote consequence. (*Simac Design, Inc.* v. *Alciati,* 92 Cal.App.3d 146, 153 [154 Cal.Rptr. 676]; *Winter* v. *Gnaizda,* 90 Cal.App.3d 750, 754 [152 Cal.Rptr. 700].) ▇ And the rule that an appeal may be taken only by an aggrieved party is "strictly applied by reviewing courts." (*Kunza* v. *Gaskell,* 91 Cal.App.3d 201, 206 [154 Cal.Rptr. 101].)

▇ Here the "referenced," or suggested, Civil Code section 232 action may never be filed, and if filed, may result favorably to Ms. S. No immediate or substantial prejudice is discerned.

From its reading of the entire record of the case involving Candy, this court suggests that it would probably be in the interest of justice and of her sisters, if the Sonoma County Juvenile Court authorities were to investigate the conditions under which Wendy and Sandy are now living, and take such action, if any, as might be deemed appropriate.

The orders dated December 12 and 17 are, and each is, affirmed.

Racanelli, P. J., and Newsom, J., concurred.