[No. A028961. First Dist., Div. Four. Mar. 25, 1986.]

In re CLARENCE I., a Minor.
SONOMA COUNTY SOCIAL SERVICES DEPARTMENT,
Petitioner and Respondent, v.
RANDY I., Objector and Appellant.

**280**

COUNSEL

Marylou Hillberg, under appointment by the Court of Appeal, for Objector and Appellant.

James P. Botz, County Counsel, and Richard W. Ergo, Deputy County Counsel, for Petitioner and Respondent.

OPINION

POCHÉ, Acting P. J.—Randy I. appeals from a judgment entered pursuant to Civil Code section 232, subdivisions (a)(2) and (a)(7),[1] declaring her minor son, Clarence I. (Clarence), forever free from her custody and control, and referring the minor to the California State Department of Social Services, California Adoptions Service, for adoptive placement.

The trial court found that Clarence should be freed from the custody and control of appellant[2] because (1) appellant had neglected or abused the child who had been a dependent child of the juvenile court and removed from parental custody for at least one year (§ 232, subd. (a)(2)); and (2) Clarence had been in a foster home for more than one year and that return of Clarence to appellant would be detrimental to him and that the mother had failed and is likely to fail in the future to meet the other statutory responsibilities

---

[1]Unless otherwise indicated, all further statutory references are to the Civil Code.
[2]Clarence's natural father earlier voluntarily relinquished his parental rights. (§ 224m.)

designated in section 232, subdivision (a)(7).[3] The court also found that further attempts to reunify the family or return the child to appellant would be detrimental to the child.

Appellant does not challenge the sufficiency of the evidence to support the trial court findings in this regard. Instead, her sole challenge is procedural, namely, that *the trial court was required to order* family reunification services prior to terminating the parent-child relationship. We find no such mandate, and affirm.

■ Appellant first argues that rule 1376(b) of the California Rules of Court mandates that a superior court provide family reunification services prior to a section 232 judgment.[4] Rule 1376, part of Division Ia of the California Rules of Court, entitled "Juvenile Court Rules," applies only to juvenile court proceedings, not superior court proceedings. As plainly stated in rule 1301: "The rules in this division apply to every action and proceeding to which the juvenile court law . . . applies and, unless they are elsewhere *explicitly* made applicable, do not apply to any other action or proceeding. . . ." (Italics added.)

---

[3]Section 232, subdivisions (a)(2) and (a)(7) provide: "(a) An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions: [¶] . . . (2) Who has been neglected or cruelly treated by either or both parents, if the child has been a dependent child of the juvenile court under any subdivision of Section 300 of the Welfare and Institutions Code and the parent or parents have been deprived of the child's custody for one year prior to the filing of a petition pursuant to this section. Physical custody by the parent or parents for insubstantial periods of time shall not serve to interrupt the running of the one-year period. . . . [¶] (7) Who has been in out-of-home placement under the supervision of the juvenile court, the county welfare department, or other public or private licensed child-placing agency for a one-year period, if the court finds that the return of the child to the child's parent or parents would be detrimental to the child and that the parent or parents have failed during that period, and are likely to fail in the future, to maintain an adequate parental relationship with the child, which includes providing both a home and care and control for the child. . . . [¶] The court shall make a determination that reasonable services have been provided or offered to the parents which were designed to aid the parents to overcome the problems which led to the deprivation or continued loss of custody and that despite the availability of these services, return of the child to the parents would be detrimental to the child. The probation officer or social worker currently assigned to the case of the child shall appear at the termination proceedings. [¶] If the minor has been adjudged to be a dependent child of the court pursuant to Section 300 of the Welfare and Institutions Code, the court shall review and consider the contents of the juvenile court file in determining if the services offered were reasonable under the circumstances."

[4]California Rules of Court, rule 1376(b) provides: "Prior to every disposition hearing, the probation officer or social worker shall prepare a social study of the minor, which shall contain those matters relevant to a proper disposition of the case and a recommendation for the disposition of the case. If a recommendation is made to remove the minor from the home, the probation officer or social worker shall also include in the social study a recommended plan for reuniting the minor with the family. . . ."

For this reason, appellant's reliance upon *In re John B.* (1984) 159 Cal.App.3d 268 [205 Cal.Rptr. 321], *In re Jamie M.* (1982) 134 Cal.App.3d 530 [184 Cal.Rptr. 778], *In re Bernadette C.* (1982) 127 Cal.App.3d 618 [179 Cal.Rptr. 688], *In re Edward C.* (1981) 126 Cal.App.3d 193 [178 Cal.Rptr. 694], *In re Jeremy C.* (1980) 109 Cal.App.3d 384 [167 Cal.Rptr. 283], and *In re Jeannette S.* (1979) 94 Cal.App.3d 52 [156 Cal.Rptr. 262], is misplaced. These cases each addressed an appeal from a juvenile court judgment declaring a minor a dependent child of the juvenile court and removing the child from his parents' custody. Here, of course, we are addressing a superior court proceeding to terminate parental rights under section 232. ■ Any perceived error in the earlier Welfare and Institutions Code section 300 proceeding should have been raised by appealing from that judgment. (Cf. Welf. & Inst. Code, § 395; Cal. Rules of Court, rule 1396(b).)

Appellant next attempts to buttress her claim by way of case law; the cases on which she relies are similarly inapposite.

*In re Susan M.* (1975) 53 Cal.App.3d 300 [125 Cal.Rptr. 707], expressly rejected the argument that the failure of the social services agency to consider or offer child protective services deprived the superior court of *jurisdiction* to sever the parental relationship. (*Id.,* at p. 311.) Instead, the court merely held that "when there has been a failure on the part of a welfare department *to consider* the advisability of providing child protective services *or to offer* such services to parents who were qualified to receive them before the department institutes proceedings to have a minor freed from the custody and control of the parents under section 232, *the decision as to whether the services should be ordered and the proceeding delayed until the results are evaluated lies within the sound discretion of the superior court.*" (*Ibid.,* italics added.) In short, the ordering of family reunification services where not offered to the parent by the social services agency lies within the sound discretion of the trial court; it is not required to order them prior to terminating the parental relationship.

*In re David B.* (1979) 91 Cal.App.3d 184 [154 Cal.Rptr. 63], follows that same tack: "Although the county welfare department did not offer child protective services to appellant prior to filing the petition to free [the minor] from her custody, its failure to offer these services does not automatically preclude the trial court from severing the parental relationship. [Citations.] Where the welfare department fails to offer such services, the trial court has discretion to decide whether to order the services prior to terminating the parental relationship . . . ." (*Id.,* at p. 198.)

The final word comes from the California Supreme Court in *In re Angelia P.* (1981) 28 Cal.3d 908 [171 Cal.Rptr. 637, 623 P.2d 198], where they characterized both *David B.* and *Susan M.* as "sound." (At p. 923.)

■ We affirmatively reject appellant's attempt to posit as a jurisdictional prerequisite to the terminating of a parental relationship that the superior court order reunification services. Whether such services are to be ordered is a matter which lies within the sound discretion of the trial court. Although such services were not ordered here,[5] appellant does not claim that the decision was an abuse of discretion under the circumstances. Accordingly, there is nothing left for this court to review.

The judgment is affirmed.

Channell, J., and Sabraw, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 26, 1986.

---

[5]We note, however, that the trial court specifically considered respondent's decision not to engage in reunification services with Clarence and appellant. In this regard the trial court commented: "As to the issue of whether or not the County of Sonoma has taken adequate measures to reunite the family, the Social Worker . . . testified that they considered this and made a judgment based upon the severity of the injuries, the felony convictions [of the parents] and the psychological evaluations of the parents and the written report of Yolo County, that it would be inappropriate to proceed to attempt to reunite the family. In the Court's review of the juvenile file, this is certainly clear and it is apparent that Yolo County spent a great deal of time with the parents even though it was only for a period of three to four weeks and that the parents left the County to avoid the intervention of the County of Yolo. The Court agrees that due to the severity of the injuries, the felony convictions, the psychological evaluations of the parents and the information received from Yolo County that it would have been inappropriate to attempt to reunite this family and to return this child to his parents when he would have likely suffered additional serious bodily injury or perhaps death."