[No. F006496. Fifth Dist. Sept. 30, 1986.]

In re JOSHUA S., a Person Coming Under the Juvenile Court Law.
TULARE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Plaintiff and Respondent, v.
DIANE S., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exceptions of parts III through IV.

**COUNSEL**

Richard B. Barron, under appointment by the Court of Appeal, for Defendant and Appellant.

Lita O'Neill Blatner, County Counsel, Robert L. Felts and Teresa M. Saucedo, Deputy County Counsel, for Plaintiff and Respondent.

C. Lynn Cicero, under appointment by the Court of Appeal, for Minor.

**OPINION**

**HANSON (P. D.), Acting P. J.—**

I

The infant minor, born prematurely, was detained by the juvenile court following the filing of a Welfare and Institutions Code section 300, sub-

division (a), petition.[1] A dispositional hearing resulted in the child's placement in a foster home and the development of a reunification plan. Two review hearings which followed continued the minor's out-of-home placement and reunification efforts.

In November of 1985, at a combined review and permanency planning hearing, the court continued out-of-home placement, developed a permanency plan of adoption for the minor and terminated reunification efforts.

Joshua's mother appeals from the November 1985 juvenile court orders.

FACTS

On May 22, 1984, Diane S. appeared in the emergency room of the hospital in labor, having no history of prenatal care. She reported consuming two six-packs of beer a day for most of the pregnancy; she drank the day of the birth. Joshua, born that day, weighed two pounds, fourteen ounces at birth and suffered respiratory distress and hyaline membrane disease. The child remained hospitalized until July 1984, when he was released to a foster care home.

The reunification plan required the mother to maintain regular contact with the child and to participate in Alcoholics Anonymous meetings, a personal counseling program and a parenting class. While the mother initially complied with the plan, by March of 1985, her efforts ceased. Her abuse of alcohol continued.

DISCUSSION

II

The juvenile court conducted a permanency planning hearing pursuant to section 366.25. The court found it was not feasible to return the child to its mother. The court developed a permanent plan for adoption of the child and terminated the reunification plan.

██ Appellant argues the court's orders are appealable. Respondent, citing *In re Candy S.* (1985) 176 Cal.App.3d 329, 330-331 [222 Cal.Rptr. 43], disagrees.

The court's opinion in *Candy S.* states: "Ethel S., mother of Candy S., a minor, appeals from orders of the juvenile court, dated December 12 and

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

17, 1984, declaring, among other things, that Candy was a ward of the juvenile court.

"......................

"Ms. S.'s *second* and remaining appellate contention is that: 'The court has failed to examine the present circumstances as required in a 232 proceeding.'

"It will be remembered that the juvenile court's order stated: 'The matter is referred to the State Department of Social Services for the initiation of a [Civil Code section] 232 action.'

"We are of the opinion that no appeal lies from such a '*reference*' to the State Department of Social Services for initiation of a section 232 action. It is only when a party is '*aggrieved*' by a judgment or order that he or she may appeal. (Code Civ. Proc., § 902.) For a valid appeal one must be injuriously affected by the court's ruling in an immediate and substantial manner, and *not* as a nominal or remote consequence. (*Simac Design, Inc.*, v. *Alciati* [1979] 92 Cal.App.3d 146, 153; *Winter* v. *Gnaizda* [1979] 90 Cal.App.3d 750, 754. . . .) And the rule that an appeal may be taken only by an aggrieved party is 'strictly applied by reviewing courts.' (*Kunza* v. *Gaskell* [1979] 91 Cal.App.3d 201, 206 . . . .)

"Here, the 'referenced,' or suggested, Civil Code section 232 action may never be filed, and if filed, may result favorably to Ms. S. No immediate or substantial prejudice is discerned."

In *Candy S.,* the court did not explain whether the order was issued after a hearing pursuant to section 366.25, but we assume it was. The court cited Code of Civil Procedure section 902 in enunciating the criteria for appealability. However, the Code of Civil Procedure section is inapplicable to questions surrounding the appealability of a juvenile court order. (See §§ 395, 800; *In re Corey* (1964) 230 Cal.App.2d 813, 821 [41 Cal.Rptr. 379].) The cases cited by the court in *Candy S.* interpret the Code of Civil Procedure section, not the special Welfare and Institutions Code sections pertaining to appeals from juvenile matters.

The same court decided *In re Lisa M.* (1986) 177 Cal.App.3d 915 [225 Cal.Rptr. 7], in which an incompetent mother appealed certain orders of the juvenile court. The appellate court reviewed the procedural history of the case. The court noted the first permanency planning hearing resulted in an order for county counsel to initiate termination proceedings and that "order of reference to initiate proceedings to terminate parental control

[was] not itself appealable," citing *Candy S.* (*Id.*, at p. 918.) However, the mother appealed only from the orders emanating from a second review and permanency planning hearing. At the end of that hearing, "[t]he juvenile court referee continued Lisa's placement with Ernest and Claudia M. and again ordered the county counsel to initiate Civil Code section 232 termination proceedings." (*Ibid.*) The court in *Lisa M.* later stated: "Yet, although that order constitutes an appealable 'order after judgment' (§ 395; Cal. Rules of Court, rule 1396(b)), in reality it operates as an interim order which merely continued Lisa's placement with her great-aunt and uncle while simultaneously initiating section 232 proceedings." (*Id.*, at p. 919.) It appears the court in *Lisa M.* considered appealable the placement order, but not the reference order. The court then declared the appeal moot because of the intervening Civil Code section 232 order terminating the mother's parental rights. (*Ibid.*)

Section 395 provides: "A judgment in a proceeding under Section 300 may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment; but no such order or judgment shall be stayed by the appeal, unless, pending the appeal, suitable provision is made for the maintenance, care, and custody of the person alleged or found to come within the provisions of Section 300, and unless the provision is approved by an order of the juvenile court. The appeal shall have precedence over all other cases in the court to which the appeal is taken.

"A judgment or subsequent order entered by a referee shall become appealable whenever proceedings pursuant to Section 252, 253, or 254 have become completed or, if proceedings pursuant to Section 252, 253, or 254 are not initiated, when the time for initiating the proceedings has expired.

"An appellant unable to afford counsel shall be provided a free copy of the transcript."

The court in *In re Corey,* interpreting an earlier version of the statute, found "the words 'subsequent order' . . . make appealable any order of a juvenile court after judgment which affects the substantial rights of the juvenile . . . ." (230 Cal.App.2d at p. 822; see also *In re Shannon W.* (1977) 69 Cal.App.3d 956, 961 [138 Cal.Rptr. 432].)

Diane's hearing was a combined review (§ 366.2) and permanency planning hearing (§ 366.25) which resulted in several findings and orders.

"The Court finds: (×) return to the parent(s) is not feasible at this time . . . (×) adoption is feasible. . . .

"The permanency plan for the minor(s) is . . . (×) adoption . . . .

"COURT ORDERS:

"(×) Minor(s) shall remain dependent(s) of the Juvenile Court.

"(×) Prior orders of the Court not in conflict with this order shall remain in full force and effect.

"(×) Minor(s) shall remain in present placement.

"(×) Minor(s) shall not be removed without prior order of the Court, except in the case of emergency, at which time the matter will be brought back to Court at the next available date . . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

"(×) Matter is set for Review on May 8, 1987 at 10:00 A.M. with Administrative Review every six months.

"FURTHER ORDERS:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(×) Tulare County Adoption Agency is authorized to release information pursuant to the provision of adoption services.

"(×) Mother is allowed supervised visits with minor if requested by the mother.

". . . . . . . . . . . . . . . . . . . . . . . . .

"Court finds no basis for extending time period for Reunification for mother. Reunification Plan for mother is terminated."

We disagree with the holdings in *Candy S.* and *Lisa M.* and conclude the "reference" or authorization order[2] is an appealable order of the court.

---

[2]The varying language may stem from statutory changes between 1984 and 1985. In 1984, section 366.25, subdivision (d)(1), read: "If the court finds that the minor is adoptable, according to the provisions of this article, *the court shall order* the county counsel, or if there is no county counsel, the district attorney, to initiate an action to declare the minor permanently free from the custody and control of his or her parents or guardians pursuant to Section 232 of the Civil Code . . . ."

It now reads: "If the court finds that it is likely that the minor can or will be adopted, *the court shall authorize* the appropriate county or state agency to proceed to free the minor from the custody and control of his or her parents or guardians pursuant to Section 232 of the Civil Code . . . ." (Italics added.)

Terminating reunification efforts clearly affects the substantial rights of appellant. (*In re Lisa M., supra,* 177 Cal.App.3d at p. 119; *In re Jon N.* (1986) 179 Cal.App.3d 156, 159-160 [224 Cal.Rptr. 319]; *In re Shannon W., supra,* 69 Cal.App.3d 956, 961.)

In section 366.25, the Legislature very carefully detailed what findings are necessary to make the authorization order. The court must determine first whether the minor is to be returned to the parent. It appears the county has the burden of proof. (§ 366.2, subd. (e).) If the child is not returned, the court must determine if it is substantially probable the child will be returned within the next six months. (§ 366.25, subd. (c).) Only with negative findings on both questions of fact can the court develop a permanent plan.

Section 366.25, subdivision (d)(1), then provides: "If the court determines that the minor cannot be returned to the physical custody of his or her parent or guardian and that there is not a substantial probability that the minor will be returned within six months, the court shall develop a permanent plan for the minor. In order to enable the minor to obtain a permanent home the court shall make the following determinations and orders: [¶] (1) If the court finds that it is likely that the minor can or will be adopted, the court shall authorize the appropriate county or state agency to proceed to free the minor from the custody and control of his or her parents or guardians pursuant to Section 232 of the Civil Code unless the court finds that any of the following conditions exist:

"(A) The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing this relationship.

"(B) A minor 12 years of age or older objects to termination of parental rights.

"(C) The minor's foster parents are unable to adopt the minor because of exceptional circumstances which do not include an unwillingness to accept legal responsibility for the minor, but are willing and capable of providing the minor with a stable and permanent environment and the removal of the minor from the physical custody of his or her foster parents would be seriously detrimental to the emotional well-being of the minor."

Before the court authorizes initiation of termination proceedings, it must find it likely "the minor can or will be adopted" and the three conditions listed do not exist. Any or all of these facts may be disputed at the hearing.

Once the Civil Code section 232 proceedings have commenced, the superior court has discretion to order reunification efforts, but it cannot be made to do so. (*In re Clarence I.* (1986) 180 Cal.App.3d 279, 283 [225 Cal.Rptr. 466].) Any claim of error at the juvenile level must be pursued by way of appeal from those proceedings and not raised on appeal from the superior court proceedings. (*Id.*, at p. 282.) Termination of a parent's rights under Civil Code section 232 will effectively moot any errors occurring at the juvenile proceedings. (See *In re Terry E.* (1986) 180 Cal.App.3d 932, 946-947 [225 Cal.Rptr. 803]; *In re Lisa M., supra*, 177 Cal.App.3d at p. 919.)

As pointed out in *Candy S.*, the reference or authorization is not binding on the Department of Public Social Services (DPSS). It may decline to pursue termination at that time. (See *In re Lisa M., supra*, at p. 918.) Moreover, the county authorities may, without the juvenile court's reference or authorization, seek termination of parental rights of a ward of the juvenile court. (See *In re Shannon W., supra*, 69 Cal.App.3d at pp. 962-963.)

Section 366.25 affords both procedural safeguards to the parties and sets out factual predicates to the making of the authorization order. Unless the authorization order is appealable, the statutory requirements are meaningless. Because orders emanating from the section 366.25 hearing, other than the reference or authorization order, are appealable (see *In re Lisa M., supra*, 177 Cal.App.3d at p. 919), it is unlikely a holding that the authorization order is appealable will add significantly to delays.

The courts have generally interpreted the appealability statute liberally. We find only one case prior to *Candy S.* holding orders nonappealable. In *In re Sarah L.* (1974) 43 Cal.App.3d 88 [117 Cal.Rptr. 390], a referee terminated and dismissed juvenile dependency proceedings. A juvenile court judge ordered a rehearing under section 559 (now § 253). The appellate court held that the order for rehearing, and the denial of the "motion to quash" the rehearing, were not appealable. (*Id.*, at pp. 91-92.) The court reasoned that the legislative grant of the power to order a rehearing defeated the appellant's claim of a "right" in the order of the referee. The court noted that the rehearing would be de novo. (§ 254.)

In *In re Syson* (1960) 184 Cal.App.2d 111, 114-115 [7 Cal.Rptr. 298], the court held that the order continuing out-of-home placement after a review of an earlier disposition under section 700 (now § 300) was reviewable on appeal. In *In re Shannon W., supra*, 69 Cal.App.3d 956, 961, the court held that the juvenile court's denial of a motion for it to intervene in Civil Code section 232 proceedings was appealable.

We conclude *Candy S.* was incorrectly decided. Any order emanating from the juvenile court which "affects the substantial rights of the juvenile," including a plan for the adoption of the child, is appealable. We find no justification to hold otherwise.

III*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Martin, J., and Azevedo, J.,† concurred.

---

*See footnote on page 147, *ante*.
†Assigned by the Chairperson of the Judicial Council.