[Civ. No. 9361.   Third Dist.   Feb. 27, 1958.]

LASSEN COUNTY, Petitioner, v. THE SUPERIOR COURT
OF NEVADA COUNTY, Respondent.

James E. Pardee, District Attorney, for Petitioner.

Harold Berliner, District Attorney, for Respondent.

PEEK, J.—By mandate, petitioner Lassen County seeks to compel the respondent superior court of Nevada County to accept the transfer to it of a juvenile court proceeding.

The petition alleges that the Superior Court of Lassen County, sitting as a juvenile court pursuant to proceedings to have a juvenile declared a ward of that court, found the juvenile to be under the age of 21 years; that he came within the provisions of subdivision (m) of section 700 of the Welfare and Institutions Code; that he was a legal resident of Nevada County; and ordered the entire cause transferred to the juvenile court of that county.   Following the transfer the superior court of Nevada County, sitting as a juvenile court, made its order that the transfer previously ordered by the Lassen County court ". . . be, and the same is not accepted."

While it may be said, as respondent contends, that the order of transfer did not strictly comply with the provisions relative to findings (Welf. & Inst. Code, § 880), never-

theless the Lassen County court, acting pursuant to the power conferred upon it as a juvenile court, determined the jurisdictional question as to residence and subject matter. Its conclusion thereon as to both matters was conclusive upon the juvenile court of Nevada county and could not be attacked collaterally. (*County of Los Angeles* v. *Superior Court*, 128 Cal.App. 522, 526 [18 P.2d 112].)

Here, the Nevada County court assumed jurisdiction to redetermine the question of residence. It would appear wholly unnecessary to elaborate upon the vice so obviously inherent in such a practice. Under the provisions of section 880, upon the transfer of the case to the Nevada County court it became its mandatory duty to take jurisdiction of the case. If, however, the Nevada County court questioned the determination of residence as made by the Lassen County court, its recourse was by direct attack upon that order by appeal. (*In re Gi*, 134 Cal.App.2d 479, 482 [286 P.2d 364]; see also section 885 of the Welfare and Institutions Code.)

Let the writ issue.

Van Dyke, P. J., and Schottky, J., concurred.