[Crim. No. 3290.   Fourth Dist., Div. One.   Dec. 12, 1968.]

In  re  Adele  George  on  behalf  of  PHILLIP  ALAN
SCHMIDT, a Minor, et al., on Habeas Corpus.

Fabbroni, Odorico, Moran & Dimeff and Carl L. Fabbroni, for Appellants.

Charles A. Lynch and John B. Hennessy for Petitioner.

COUGHLIN, J.—By proceedings originally commenced in San Diego County, Phillip Alan Schmidt and Karla Ann Schmidt, minors, were made wards of the juvenile court and placed in the foster home of Paul and Marty Gomes. Thereafter Adele George, mother of the children, moved her residence from San Diego County to Napa County; the Juvenile Court of San Diego County transferred the proceeding to the Juvenile Court of Napa County; the latter court made an order declaring the children wards of that court; and subsequently the Napa County court terminated the wardship and dismissed the proceedings. During all this time the children remained with Mr. and Mrs. Gomes in San Diego County. Following termination of the wardship the mother brought these proceedings in habeas corpus to obtain custody because Mr. and Mrs. Gomes refused to deliver the children to her. The writ was granted. Mr. and Mrs. Gomes appeal, contending the Napa County court did not have jurisdiction because the children at all times were residents of San Diego County; the order of the court terminating wardship is void; the order of the San Diego court placing the children with them remains in effect; and the mother is not entitled to custody.

The weakness in appellants' position is the fact their attack upon the order transferring the proceedings to Napa County, the order of the juvenile court of that county declaring the children wards of that court, and the order terminating wardship and dismissing the proceedings is a collateral attack. The orders are not void upon their face. Appellants rely upon facts developed by the evidence in the instant proceeding and the law as stated in *In re Grimmer*, 259 Cal. App.2d 840 [66 Cal.Rptr. 816], which reversed an order of transfer premised on a finding the residence of children had changed to another county because the mother of the children was a resident of the latter county. Appellants' reliance upon the decision in *In re Grimmer*, *supra*, 259 Cal.App.2d 840, to support their position in the instant proceeding is misplaced because the attack on the order in the cited case was

direct, by appeal, and not collateral, by a proceeding in habeas corpus.

The case at bench is controlled by the rule applied in *Lassen County* v. *Superior Court*, 158 Cal.App.2d 74 [322 P.2d 49], that a superior court sitting as a juvenile court has the power to determine the jurisdictional question of residence of a ward, and its conclusion thereon can be attacked only by an appeal from the order making such determination.

The Juvenile Court in San Diego County had original jurisdiction of the wardship proceedings. The order declaring wardship was an exercise of that jurisdiction. Likewise the order transferring the proceedings to Napa Couny was an exercise of that jurisdiction. Assuming error in the latter order, the defect was not jurisdictional and was subject to correction only by an appeal.

The provisions of the Welfare and Institutions Code conferring jurisdiction upon the juvenile court do not place any territorial limitation upon the exercise of its power in the premises. The provisions thereof respecting the place of commencement of such proceedings (Welf. & Inst. Code, § 651) treat the subject as a matter of venue rather than jurisdiction. Former decisions in the premises, decided under provisions now repealed, have no application. (Eg. *In re Lukasik*, 105 Cal.App.2d 145, 149 [232 P.2d 520]—applying former Welf. & Inst. Code, § 721.)

The order is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.