[No. D002971. Fourth Dist., Div. One. Mar. 26, 1986.]

In re JON N., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
FRED N., Objector and Appellant.

## COUNSEL

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Objector and Appellant.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Edward J. Mantyla, Deputy District Attorneys, for Petitioner and Respondent.

## OPINION

**KREMER, P. J.**—Fred N., father of the minor dependent child Jon N., appeals a juvenile court order transferring the matter from San Diego to Riverside County because the mother has changed her residence to Riverside County.

We have asked the parties to brief the question whether the above transfer order is appealable by any party other than the involved counties. After considering the briefs, we conclude the order is appealable. We will affirm the order, which is supported by substantial evidence.[1]

Welfare and Institutions Code section 375[2] provides for transfer of juvenile dependency matters to the county of residence "of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order . . . [adjudging the child a dependent of the court]." ■ Section 379 says that both the county where the court ordering the transfer is located and the county to which the matter is transferred "shall be considered to be parties in the action and shall have the right to appeal any order by which residence of the minor person is deter-

---

[1]Substantial evidence is the standard for our review. (See *In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1132 [200 Cal.Rptr. 789].) In the trial court, the burden of proof in the dependency hearing, since the award of custody was not to a nonparent, was preponderance of the evidence. (*Id.*, at pp. 1112-1113.)

[2]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

mined." Neither section 379 nor any other statute specifically confers the right to appeal a transfer order on any party other than the counties. Similarly, California Rules of Court, rule 1381(h) says "[t]he order of transfer may be appealed by either county." Section 754, dealing with minor wards of the juvenile court, is identical to section 379 in conferring the right to appeal a transfer order on the affected counties, with no mention of other parties.

Section 395 defines appellate rights in dependency proceedings and section 800 governs the right of appeal generally in juvenile wardship matters. Both statutes authorize appeals from the jurisdictional order and subsequent orders, and neither specifically mentions transfer orders.

No case appears to have considered the issue here, whether the parent of a dependent child may appeal a transfer order in a juvenile matter.

In one case, where the actual challenge was to the validity of the jurisdictional finding, the court in *dictum* noted an appellate right in a party "who seeks to attack a transferred wardship order . . . ." (*In re Mary B.* (1971) 20 Cal.App.3d 816, 819 [98 Cal.Rptr. 178].)

In the case of *In re Schmidt* (1968) 268 Cal.App.2d 137 [73 Cal.Rptr. 791], decided by this court, we held collateral attack by writ of habeas corpus was not available to the foster parents of a dependent child to challenge a final order transferring the matter from San Diego to Napa County. We said the foster parents should instead have directly attacked the order by appeal, because the question of transfer was a matter of venue rather than jurisdiction, and therefore, any error in the transfer order was necessarily not jurisdictional and "subject to correction only by an appeal." (*In re Schmidt, supra,* 268 Cal.App.2d at p. 139.) The opinion does not mention the statutes conferring appellate rights upon the counties alone.

Our opinion in *Schmidt, supra,* cited the case of *Lassen County* v. *Superior Court* (1958) 158 Cal.App.2d 74 [322 P.2d 49]. That case held a collateral attack would not be allowed on an order determining the juvenile's residence. There, however, the party challenging the order was the receiving county. The opinion in *Lassen* specifically mentioned former section 885 conferring a right of appeal on the counties.

As a logical matter, section 379, conferring appellate rights on the counties, does not necessarily restrict the appellate rights of other parties involved in the proceedings. The general statute, section 395, by its terms applies to any order after a section 300 judgment. This transfer order falls into that class. Further, section 395 has uniformly been considered to allow

appeals by the parents of the juvenile. (See, e.g., *In re Kelvin M.* (1978) 77 Cal.App.3d 396 [143 Cal.Rptr. 561].) Clearly, parents have a substantial interest in dependency proceedings affecting their children. (See, e.g., *Holt v. Superior Court* (1960) 186 Cal.App.2d 524 [9 Cal.Rptr. 353]; *In re Patricia E.* (1984) 160 Cal.App.3d 516 [206 Cal.Rptr. 684].)

█ We think unwarranted the assumption that the Legislature intended, without specifically so providing, to abridge parental appellate rights with respect to transfer orders in dependency proceedings. It is a more reasonable assumption that parents have the same appellate rights with respect to this particular class of orders as to all other dependency orders, and that the statute, section 379, simply extends these rights to counties. The language of the statute supports this conclusion: it does not restrict any rights, but rather says the counties "shall be considered to be parties" and "shall have the right to appeal any order." Such language is simply inapplicable to parents, who are already parties to the proceedings and already have appellate rights under the general provision.

Further, this interpretation is consistent with our decision in *Schmidt, supra,* 268 Cal.App.2d 137, holding that transfer orders may not be collaterally attacked. Were we to find that parents may no longer appeal such orders, then either we would have to overrule *Schmidt,* or parents in such situation would have no remedy. Neither alternative is sensible.

Accordingly, we read the statute as adding counties to the general class of persons who may appeal transfer orders, rather than removing appellate rights from all interested parties other than counties. Had the Legislature intended such drastic curtailment of appellate rights in this area, it would surely have specifically said so, and would probably have provided another avenue of review, as for example now exists in the specific statutory authorization of review by writ of mandate of orders changing venue of trials. (See Code Civ. Proc., § 400.)

█ The challenge to the transfer order, however, has no merit. The record shows that after protracted marital difficulties resulting in physical violence between the child's parents which threatened the child's security, the child was placed in various temporary situations, including the home of the maternal uncle in Oregon, while the social services department attempted counseling and therapy for both parents. The violence between the parents proved intractable. Finally, the child was found to be a dependent of the court, per section 300, to be "detained" in the home of the mother in a confidential placement (to prevent access by the father and further violence), the mother to participate in counseling and drug testing, with review hearings scheduled. The underlying probation report indicates the mother

had relocated from San Diego to Riverside County, and expresses the opinion that in this case, distance between the parents is desirable for all concerned. No appeal was taken from this order. The father has appealed only the later transfer order to Riverside County, which order clearly is authorized by the change in residence of the custodial parent (entitled to custody but for the order of the court making the child a dependent).

The father's challenge to the transfer order expresses concerns about the suitability of the mother as custodial parent. Those concerns are irrelevant to the propriety of the transfer; rather, they go to the wisdom of the decision (1) to require distance be maintained between the parents and (2) to choose the mother as the more suitable parent to continue care of the minor, under conditions set by the social services department. Those departmental decisions were the basis for the order assuming jurisdiction over the child under section 300, an order which was appealable by the father but which he did not appeal.

Further, even if the father's concerns were legitimately before us, no relief is warranted since at most he questions the resolution of a difficult factual problem as to which the juvenile court has exercised its discretion in a manner neither arbitrary nor illegal. Clearly, the court had before it sufficient evidence of the dangers to the child arising from confrontations between the parents; on one occasion the father struck the mother in the same room where the child was, causing a wound requiring six stitches. This was one of many violent altercations, which must inevitably have affected the child even though he has not yet been physically injured. Under the circumstances, no abuse of discretion appears in placing the child with the mother, who is described in the reports as a good parent when the father is absent, nor in concealing her residence, permitting her to move, and arranging for visitation under controlled conditions. No evidence in this record supports the father's assertion that "the best interests of the child are to have his family together if that is possible."

Judgment affirmed.

Work, J., and Butler, J., concurred.