[Civ. No. 25243. Third Dist. Sept. 19, 1986.]

In re JUDSON W., a Person Coming Under the Juvenile Court Law.
COUNTY OF SACRAMENTO, Plaintiff and Appellant, v.
JUDSON W., Defendant and Respondent;
COUNTY OF SAN LUIS OBISPO,
Real Party in Interest and Respondent.

**COUNSEL**

L. B. Elam, County Counsel, and Steven M. Basha, Deputy County Counsel, for Plaintiff and Appellant.

George O. Benton, under appointment by the Court of Appeal, for Defendant and Respondent.

James B. Lindholm, Jr., County Counsel, William E. Braun and Richard E. McQueary, Deputy County Counsel, for Real Party in Interest and Respondent.

**OPINION**

**CARR, J.**— ▇ Plaintiff County of Sacramento appeals from an order made by the San Luis Obispo County Juvenile Court and accepted by the Sacramento County Juvenile Court, determining the residence of the minor, Judson W., to be Sacramento County and transferring wardship and supervision of the minor to Sacramento County.[1]

The unhappy circumstances of this minor's somewhat ping-pong ball existence from March 1984 to the present result from the minor being beyond the control of his parents, each of whom refuses to assume his physical custody or to have home responsibility for him. He has as well exhausted any welcome he may have had at the homes of various relatives. At the

---

[1]County of Sacramento purports to also·appeal from the order of acceptance of such transfer by the Sacramento Juvenile Court. This is not an appealable order. The juvenile court of the county where the minor or the person entitled to custody resides is required to take jurisdiction of the case upon receipt and filing with it of the order of transfer. Welfare and Institutions Code section 750 provides such court "*shall* take jurisdiction of the case." (Italics added.) (See also *Lassen County* v. *Superior Court* (1958) 158 Cal.App.2d 74 [322 P.2d 49].)

time this appeal was filed, he had been removed from the custody of both parents by the Sacramento Juvenile Court and committed to care and custody of the probation officer for suitable placement outside either parent's home, to be detained in juvenile hall until placed.

The critical issue presented is which county, Sacramento or San Luis Obispo, is to be charged with the wardship and supervision of the minor and the financial burdens which ensue therefrom. The mother resides in Sacramento County, the father in San Luis Obispo County.

The minor was born November 15, 1969. His parents were divorced in 1980, with legal custody of the minor granted to the father. The record reflects legal custody remains with the father.

The minor's first appearance before the juvenile court was in Sacramento County on April 5, 1984. He was at that time residing with his mother in Sacramento County. On May 11, 1984, he was declared a ward of the Sacramento County Juvenile Court pursuant to Welfare and Institutions Code section 601, subdivision (b) on the basis of consistent truancy from school. He was released to the temporary care of his mother with supervision by the probation office.

On May 8, 1984, a subsequent petition was filed alleging the minor was beyond the control of his mother in that he refused to obey her, kept late hours, remained away from home without permission, threatened his mother with great bodily injury and on two occasions was under the influence of intoxicating beverage or controlled substance. The minor admitted these allegations and a further dispositional hearing was set in June and eventually heard on June 18, 1984. The court found that each parent declined and expressed inability to exercise custody of the minor but that the community to receive the minor was San Luis Obispo County, the residence of the father who had legal custody of the minor and where the minor could be placed in foster care.

The court order of May 11, 1984, was amended nunc pro tunc to reflect the minor was not adjudged a ward of the Sacramento Juvenile Court and the case was transferred to San Luis Obispo County.

On August 23, 1984, the minor was declared a ward of the San Luis Obispo Juvenile Court and removed from the custody of his parents. He was placed with a cousin, Jim Hanks, in Paso Robles. This placement failed, as did several other relative placements in the San Luis Obispo area. Apparently his probation officer then sent the minor to live with his mother in

Sacramento on January 12, 1985. Two days later, in Sacramento, he was arrested for shoplifting and falsely identifying himself to a police officer.

A detention hearing was held in Sacramento County Juvenile Court on January 16, 1985, and the minor was detained in Sacramento County Juvenile Hall pending a jurisdictional hearing. On February 5, 1985, the Sacramento County Juvenile Court found the minor to be a person within the provisions of Welfare and Institutions Code section 602,[2] that the legal residence of the minor is in San Luis Obispo County and transferred the minor back to that county.

On February 21, 1985, a jurisdictional hearing was held in San Luis Obispo County and the minor was returned to his mother's home in Sacramento County for home detention pending a dispositional hearing in San Luis Obispo County. On April 4, 1985, the Juvenile Court of San Luis Obispo County ordered the wardship and supervision of the minor transferred to Sacramento County, based on the minor's actual residence being Sacramento County, pursuant to Welfare and Institutions Code section 750.

On April 30, 1985, the minor ran away from his mother's home. She filed a missing person's report but declined to have him returned to her care and custody as he had stopped attending school and was using and selling drugs. He was taken into custody on May 8, 1985, and taken to the Neighborhood Alternative Center for being a runaway. He ran away from the center on the same date.

On June 6, 1985, a transfer-in hearing was held in Sacramento County. The transfer-in was accepted by the juvenile court with the recommendation that the county counsel evaluate the matter for appeal to determine which of the two counties had jurisdictional (and fiscal) responsibility for this minor with a history of incorrigible behavior.

Sacramento County then filed notice of appeal from the order of the Juvenile Court of San Luis Obispo transferring the wardship and supervision of the minor to Sacramento County and finding the minor's residence to be Sacramento County.[3] Section 754 expressly grants the right to appeal from

---

[2] All further references are to the Welfare and Institutions Code unless otherwise noted.

[3] At oral argument, both counsel asserted in response to questions from the court that either Sacramento County or San Luis Obispo County was the proper county in which to file the notice of appeal. Counsel appear to be in error that San Luis Obispo County is an alternative to Sacramento County for filing the notice of appeal.

This court in *In re Mary B.* (1971) 20 Cal.App.3d 816, 819 [98 Cal.Rptr. 178] determined that the transfer-in county was the proper county for filing the notice of appeal. In the *Mary B.* case, *supra,* the superior court of Butte ordered the wardship transferred to Tehama County, the county of the minor's residence. The court stated: "The order of transfer to the county of the minor's residence had accomplished removal of 'the entire case' to Tehama County. (§ 750.) Thus, although the appeal is from the order of the Butte County court, the notice of appeal was properly filed in Tehama County."

a transfer order to both counties and provides: "In any action under the provisions of this article in which the residence of a minor person is determined, both the county in which the court is situated and any other county which, as a result of the determination of residence, might be determined to be the county of residence of the minor person, shall be considered to be parties in the action and shall have the right to appeal any order by which residence of the minor person is determined." (See also *In re Gi* (1955) 134 Cal.App.2d 479 [286 P.2d 364].)

On appeal Sacramento County asserts that San Luis Obispo County is the proper county for the minor's wardship and supervision relying on section 750 and California Rules of Court, rule 1381.[4] San Luis Obispo asserts the residence of the minor should be determined in accordance with the provisions of section 17.1. That section provides in relevant part: "Unless otherwise provided under the provisions of this code, to the extent not in conflict with federal law, the residence of a minor person shall be determined by the following rules: [¶] (a) The residence of the parent with whom a child maintains his or her place of abode or the residence of any individual who has been appointed legal guardian or the individual who has been given the care or custody by a court of competent jurisdiction, determines the residence of the child."

The rules set forth in section 17.1, subdivision (a) are in the disjunctive. The minor's residence can be determined by looking to the residence of the individual who has been given custody of the minor by a court, but the statute also permits determination of the minor's residence based upon the residence of the parent with whom the child maintains his or her abode.

In *In re Ramona S.* (1976) 64 Cal.App.3d 945 [134 Cal.Rptr. 881], on which Sacramento County places great reliance, Sonoma County appealed from that portion of an order of the Marin County Juvenile Court finding the minor to be a resident of Sonoma County and transferring proceedings to Sonoma County. The minor's place of abode was with her father, who also had legal custody. The court held that under the facts, the minor's residence was at her father's home in Marin County pursuant to the provisions of section 17.1. Both the minor's place of abode and the residence of the parent given legal custody of the minor were the same in *Ramona S.,* and

---

[4]Sacramento County somewhat obliquely suggests section 17.1 also supports this assertion. But as set forth *post,* this section is in the disjunctive and provides no clear cut support for Sacramento's position.

the court was not asked to determine the controversy confronting the court in this case, wherein the minor's residence was with his mother in one county but his legal custody with his father in another county. Section 17.1, to the extent that it gives equal value to competing considerations, sets forth no rule for the determination of a controversy where both conditions for determining residence exist. Other provisions of the Welfare and Institutions Code must be reviewed for this determination.

Section 750 specifies the circumstances under which the juvenile court of one county is permitted to transfer a juvenile wardship proceeding to another county. It provides as follows: "Whenever a petition is filed in the juvenile court of a county other than the residence of the person named in the petition, or whenever, subsequent to the filing of a petition in the juvenile court of the county where such minor resides, the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order issued pursuant to this chapter is changed to another county, the entire case may be transferred to the juvenile court of the county wherein such person then resides at any time after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor, and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case upon the receipt and filing with it of such finding of the facts and an order transferring the case."

By inference section 750 provides that for the purposes of the Juvenile Court Law the residence of the minor is the residence of the person legally entitled to custody of the minor.

Moreover, rule 1381, California Rules of Court states that for the purpose of transferring a case to the county of the minor's residence, the residence of the minor shall be the residence of the person who has or would have the legal right to custody of the minor in the absence of any juvenile court order.

Section 750 and rule 1381, California Rules of Court both provide that the residence of the minor is the residence of the person who has legal custody of the minor (or who would have legal custody in the absence of a juvenile court order). In this case, the person with legal custody of the minor is the minor's father. The minor's father is a resident of San Luis Obispo County. Therefore the minor is also a resident of that county. San Luis Obispo County is the proper county for the minor's wardship and supervision.

The order of the juvenile court of April 4, 1985, insofar as it finds the minor to be a resident of Sacramento County and transfers wardship and supervision of the minor to Sacramento County, is reversed.

Puglia, P. J., and Blease, J., concurred.