[No. C029474. Third Dist. Nov. 3, 1999.]

In re CARLOS B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CARLOS B., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III and IV.

**COUNSEL**

J. J. Hamlyn III, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Jo Graves and Tiffany S. Shultz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RAYE, J.**—The Yolo County Juvenile Court sustained charges against the minor, Carlos B., of transportation of methamphetamine for sale between

noncontiguous counties (Health & Saf. Code, § 11379, subd. (b)) and possession of methamphetamine for sale (Health & Saf. Code, § 11378). Following an unsuccessful attempt to transfer the disposition hearing to Tulare County, the Yolo County Juvenile Court committed the minor to the California Youth Authority (CYA).

On appeal, the minor contends (1) the evidence is insufficient to establish he knowingly possessed and transported methamphetamine, (2) his commitment to CYA by Yolo County must be set aside and the matter remanded to Tulare County for disposition, (3) assuming Yolo County had jurisdiction for disposition of the case, the court abused its discretion in committing him to CYA, and (4) section 654 of the Penal Code requires staying the term imposed for possession of methamphetamine. Only the minor's fourth contention has merit.

## FACTS

California Highway Patrol Officer Jerry Smith stopped an Oldsmobile for speeding on Interstate 5 in Yolo County. The minor and driver, one Julio Cesar, were the only occupants of the car. Smith went to the passenger's side of the vehicle and informed the occupants why he had stopped them. Neither had a driver's license. The minor told Smith he was going to Oregon to visit his family and that they had come from Woodlake, which was near Fresno. As they spoke, Smith, a veteran of over 20 years and knowledgeable in the field of drugs, noticed a strong odor of methamphetamine in the car and called for backup.

Officer Bronson arrived with Rocky, a canine trained in narcotics detection. Rocky alerted to the right front door and Smith opened it. Rocky then alerted to a soft-sided ice chest, big enough to hold a six-pack of soda, located on the floorboard of the passenger seat where the minor had been sitting. Inside the ice chest Smith found seven plastic sandwich bags which, in all, contained over five pounds of methamphetamine. Oil dripped from one of the bags, indicating it had not been properly dried. The leaking oil coupled with its quantity and the length of time it had been in the vehicle accounted for the strong odor.

The minor was arrested and a pager was found on him. The quantity of methamphetamine recovered was estimated to be at least 231,610 doses.

The minor testified, claiming he had only known Cesar for a month and a half. Cesar had offered to give the minor a ride to Oregon to work with his uncle in Washington. The minor denied owning or knowing of the contents of the ice chest. Additionally, he did not notice any unusual odor in the car.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

After sustaining the charges against the minor at the conclusion of the jurisdictional hearing, the Yolo County Juvenile Court determined the minor's residence was in Tulare County based on the minor's testimony that he had lived in Woodlake for three years. The court ordered the matter transferred to Tulare County for disposition.

The Tulare County Juvenile Court concluded that although the minor claimed to have resided for the past three years with his grandparents in Woodlake, his legal custody was with his parents who were in Mexico. The court rejected the transfer in and sent the case back to Yolo County. The Yolo County Juvenile Court accepted the matter back and committed the minor to CYA.

██ The minor contends the Tulare County Juvenile Court erred in refusing to accept his case on transfer from Yolo County because his residence was in Tulare County. Therefore, he concludes, the disposition by the Yolo County Juvenile Court must be set aside and the matter remanded to Tulare County for disposition. While we agree that Tulare County erred in refusing to accept the case, we disagree that in these circumstances the Yolo County Juvenile Court lacked jurisdiction to make the CYA commitment.

The rules governing intercounty transfer of juvenile cases are set forth in rules 1425 (transfer-out hearing) and 1426 (transfer-in hearing), California Rules of Court (hereafter all rule references are to the California Rules of Court), which implement Welfare and Institutions Code section 750.[1]

Rule 1425 provides in relevant part: "(a) For purposes of rules 1425 and 1426, the residence of the child shall be the residence of the person who has

*See footnote, *ante*, page 50.

[1]Welfare and Institutions Code section 750 provides: "Whenever a petition is filed in the juvenile court of a county other than the residence of the person named in the petition, or whenever, subsequent to the filing of a petition in the juvenile court of the county where such minor resides, the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order issued pursuant to this chapter is changed to another county, the entire case may be transferred to the juvenile court of the

the legal right to custody of the child according to prior court order, including (1) a juvenile court order under § 361.2 and (2) an order appointing a guardian of the person of the child. [¶] If there is no order determining custody, custody shall be with both parents. . . . [¶] Residence of a ward may be with the person with whom the child resides with approval of the court. [¶] (b) The residence of the person entitled to custody may be verified by the person in court or by declaration by a probation officer in the transferring or receiving county. [¶] (c) After making its jurisdictional finding, the court may order the case transferred to the juvenile court of the county of the residence of the child if: [¶] (1) The petition was filed in a county other than that of the residence of the child, or [¶] (2) The residence of the child was changed to another county after the petition was filed. [¶] . . . [¶] (e) After the court determines the identity and residence of the child's custodian, the court shall consider whether transfer of the case would be in the child's best interest. The court shall not transfer the case unless it determines that the transfer will protect or further the child's best interests. [¶] . . . [¶] (h) The order of transfer may be appealed by the transferring or receiving county and notice of appeal shall be filed in the transferring county, under rule 39. Notwithstanding the filing of a notice of appeal, the receiving county shall assume jurisdiction of the case on receipt and filing of the order of transfer."

Rule 1426 provides in pertinent part: "(a) On receipt and filing of an order of transfer, the receiving court shall take jurisdiction of the case. The receiving court may not reject the case. . . . [¶] . . . [¶] (c) The proceedings in the receiving court shall commence at the same phase as when the case was transferred. . . . [¶] . . . [¶] (f) If the receiving court believes that a change of circumstances or additional facts indicates that the child does not reside in the receiving county, a transfer-out hearing shall be held under rules 1425 and 1432."

At the transfer-in hearing, the Tulare County Juvenile Court appointed the public defender to represent the minor and then queried the minor regarding his living arrangements. The minor said he had lived in Woodlake with his grandparents for the past three years and that his parents lived in Mexico but were separated and he had "lost track" of them. Neither the minor's grandparents nor any other members of the minor's family were in attendance at the hearing. The court determined the minor's residence was with his parents

county wherein such person then resides at any time after the court has made a finding of the facts upon which it has exercised its jurisdiction over such minor, and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case upon the receipt and filing with it of such finding of the facts and an order transferring the case."

in Mexico. The court refused transfer in of the case, stating that transfer in is "rejected pursuant to Welfare and Institutions Code Section 750 and Rule 1425." The court remanded the case back to Yolo County.

It was improper for the Tulare County Juvenile Court not to accept the transfer in. Rule 1426(a) expressly requires the receiving court, in this case the Tulare County Juvenile Court, to take jurisdiction of the case—"The receiving court may not reject the case." Rejection of the case is prohibited regardless of whether the receiving court agrees with the residency finding of the transferring court. (See *Lassen County* v. *Superior Court* (1958) 158 Cal.App.2d 74, 74-75 [322 P.2d 49] [holding that determination of legal residency by Lassen County Juvenile Court was binding on Nevada County and the latter could not refuse transfer of case; if Nevada County questioned Lassen's determination of residency its remedy was by direct appeal]; see also rule 1425(h) [receiving county "shall assume jurisdiction of the case on receipt and filing of the order of transfer" but may appeal that order].) Thus, Tulare County's remedy if it disagreed with the residency finding was by appeal or by holding a transfer-out hearing.

Notwithstanding Tulare County's wrongful failure to accept the case, the minor, who was represented by counsel, made no objection when the court ordered the matter returned to Yolo County. Likewise, when Yolo County accepted the return of the case the minor, again represented by counsel, voiced no objection to the acceptance and setting of the matter for disposition.

Nor did the Yolo County Juvenile Court lack jurisdiction to make the disposition based upon its determination that the minor's residence was in Tulare County. First, Yolo County never lost jurisdiction of the case because Tulare County refused to accept the attempted transfer. Moreover, rule 1425(c) states the court "may" transfer the case to the county of residency, implying that such transfer is not mandatory. And rule 1425(e) prohibits transfer of the case to the residency of the minor's custodian "unless [the court] determines that the transfer will protect or further the child's best interests." Thus, it is clear that jurisdiction is not dependent upon a determination of residency. Rather, residency is simply one factor in determining whether to transfer the case for disposition.

The minor's failure to challenge either the Tulare County Juvenile Court's refusal to accept the case or the Yolo County Juvenile Court's disposition of the matter constitutes acquiescence in those decisions. Hence, the minor's

challenge to the Yolo County Juvenile Court's maintaining jurisdiction and proceeding with disposition is waived. (See *People* v. *Gordon* (1990) 50 Cal.3d 1223, 1251 [270 Cal.Rptr. 451, 792 P.2d 251] [an appellant will not be heard to complain of a court's determination in conformity with his concession].)

### III, IV*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

The eight-month subordinate term imposed for count II is hereby stayed. As modified, the judgment (order committing the minor to the California Youth Authority) is affirmed.

Sims, Acting P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 16, 2000. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 50.