128 Cal.Rptr.2d 671 (2002)
104 Cal.App.4th 984
In re J.C., et al., Persons Coming Under the Juvenile Court Law.
Los Angeles County Department Of Children And Family Services, Plaintiff and Appellant,
v.
Trudy C, Defendant and Respondent;
Riverside County Department Of Public Social Services, Respondent.
No. E031143.
Court of Appeal, Fourth District, Division Two.
December 23, 2002.
*672 Lloyd W. Pellman, County Counsel, and Lois D. Timnick, Deputy County Counsel, for Plaintiff and Appellant.
Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Respondent Trudy C.
William C. Katzenstein, County Counsel, and Julie A. Koons, Deputy County Counsel, for Respondent Riverside County Department of Public Social Services.
M. Elizabeth Handy, under appointment by the Court of Appeal, for Minors.

*673 OPINION
McKINSTER, J.
Appellant Los Angeles County Department of Children and Family Services (LACDCFS) challenges the most recent decision by the Riverside County Juvenile Court (Riverside court) to reject transfer of a dependency case. The case involves four children who are in a permanent plan of long-term foster care with their grandmother in Riverside County. After the permanent plan was instituted, the Riverside court transferred the case to Los Angeles County because the mother had moved there. The case bounced back and forth between the two counties five times over nine months before appellant initiated this appeal. All parties involved LACDCFS, as well as Riverside County Department of Public Social Services (RCDPSS), the children and the motheragree that the case should remain in Riverside County.
The principal issue is whether the Riverside court improperly rejected the transfer from Los Angeles County on December 19, 2001, under California Rules of Court, rule 1426(a).[1] We also look more generally at the interplay of rules 1425 and 1426[2] and Welfare and Institutions Code, section 375,[3], [4] with emphasis on the factor that must take precedence in any dependency proceedingthe best interests of the dependent children. xxxx As discussed below, we conclude that the Riverside court ignored the clear procedural mandate of rule 1426(a) when it rejected the transfer on December 19, 2001. Further, although section 375 does provide some support for the three transfers to Los Angeles County, the Riverside court abused its discretion when it found that the December 19, 2001, transfer was in the best interests of the children.

STATEMENT OF FACTS
In August 1998, RCDPSS filed a section 300 petition regarding the four children and an older sibling, alleging negligence and failure to protect (§ 300, subd. (b)) and no provision for support (§ 300, subd. (g)), based on the mother's drug use. The Riverside court sustained the petition and ordered the children placed with their maternal grandmother. The court terminated reunification services to the mother in December 1999. At the section 366.26 hearing in March 2000, the court chose long-term foster care with the grandmother as the permanent plan. The mother moved to Los Angeles County in July 1999.
On January 12, 2001, the social worker recommended that the dependency case of the older sibling be transferred to Los Angeles County because the sibling had left placement and moved in with the mother. However, the social worker specifically recommended that the dependency cases of the other four children remain in *674 Riverside County because they were in long-term foster care placement with their grandmother in Cherry Valley. At the February 7, 2001, hearing, the mother requested that reunification services be resumed, but the trial court ordered no changes.

Riverside to Los Angeles (No. 1)
At the April 5, 2001, hearing, the trial court terminated dependency as to the older sibling because she had become a ward of the court pursuant to section 602. The court also ordered the cases of the four remaining children to be transferred to Los Angeles County, stating that "[i]t doesn't make sense to have those children here in this county with mother living in Los Angeles. It seems that the other [section] 366.3,[5] the whole entire matter should have been kept together." The attorney for the minors acquiesced. The minute order incorrectly states that the four children had been placed with their mother and that their legal residence was in Los Angeles.
On May 4, 2001, the Los Angeles County Juvenile Court (Los Angeles court) held a transfer-in hearing under rule 1426. The mother was present and indicated she wanted the case transferred back to Riverside County because she planned to move back to Riverside County. The mother also clarified that the children still resided with their grandmother in Riverside County. The Los Angeles court, accepted jurisdiction, as it was required to do under rule 1426(a),[6] but ordered county counsel to report on the legal status of the transfer and whether it served the best interests of the minors.

Los Angeles to Riverside (No. 1)
On June 19, 2001, the Los Angeles court held a transfer-out hearing under rule 1425. The court found that under rules 1425(a)[7] and 1426(f)[8] the children resided in Riverside County under a permanent plan of long-term foster care with their grandmother, Riverside County does not provide courtesy supervision to Los Angeles County, and the children's best interests would not be served by having the cases serviced in Los Angeles County. The court then ordered the case transferred to Riverside County.

Riverside to Los Angeles (No. 2)
On July 10, 2001, the Riverside court held a transfer-in hearing. RCDPSS indicated it wished to accept the transfer because the children had resided in Riverside County since 1998 and the case had been transferred to Los Angeles County by mistake. However, the court reasoned that the mother was entitled to be evaluated for return of the children at each section 366.3 six-month review, that it would be unreasonable to have RCDPSS conduct that review in Los Angeles, and *675 that jurisdiction and venue are properly based on the mother's residence. The court then "accepted] the transfer in for the limited purpose of transferring the case back to [Los Angeles] County," citing the absence of a showing that jurisdiction in Riverside County was in the best interests of the children. The minute order reads, "Court finds LOS ANGELES COUNTY to be legal residence. Case ordered returned to originating county."
On September 7, 2001, the Los Angeles court accepted jurisdiction and requested county counsel to prepare a "REPORT RE RECOMMENDATION OF APPEAL RE TRANSFER."
Los Angeles to Riverside (No. 2)
On October 17, 2001, the Los Angeles court ordered the case transferred to Riverside County. The court cited a social worker's report that "[u]pon [receipt] of the case Riverside County immediately contacted [Los Angeles] County DCFS to state the case was transferred in error and that Riverside County wanted case sent back to them." The report also concluded that it would be in the children's best interest to have this case transferred to and serviced from Riverside. A Riverside County social worker had been servicing the case since July 27, 2001, and had last visited the children on September 28, 2001.
On November 20, 2001, the Riverside court continued the transfer-in hearing to December 19 and ordered the social worker to "complete a review and inform the court of what good cause exists, if any, not to transfer the matter back to Los Angeles County."

Riverside to Los Angeles (No. 3)
In the status review report prepared for the continued transfer-in hearing on December 19, 2001, the Riverside County social worker recommended that the children remain dependents of Riverside County. After an off-the-record discussion, the Riverside court rejected the transfer, stating that the mother resided in Los Angeles, and citing rule 1425(a) and sections 366.3 and 375.[9] The court also stated that "the children are doing extraordinarily well with their relative caretaker. There is no special interest that wouldor special need that these children be supervised by the [RCDPSS] ...." The court then conducted the status review hearing.
On February 15, 2002, the Los Angeles court accepted jurisdiction, but stated that the minors' legal residence was in Riverside County and it was in their best interests to return the case to Riverside County. The trial court ordered the social worker to prepare a report on a transfer back to Riverside County.
On February 21, 2002, LACDCFS filed a notice of appeal in this court challenging the Riverside court's December 19, 2001, order rejecting transfer. LACDCFS also filed a petition for extraordinary writ, which this court summarily denied on April 5, 2002. Legal counsel for the children filed a separate brief in this appeal, contending that return of the case to Riverside would be in the children's best interests. Legal counsel for the mother filed a brief under rule 13, adopting the briefs filed by LACDCFS and the children. RCDPSS also filed a letter brief joining in LACDCFS's brief under rule 13, stating that it "is in agreement with [LACDCFS's] position that the Riverside *676 County Trial Court should accept the transfer of this case."

DISCUSSION

The Riverside County Court Improperly Rejected the Transfer from Los Angeles County
LACDCFS contends that the Riverside court improperly refused to accept the transfer from Los Angeles County on December 19, 2001. We agree, based on a plain reading of rule 1426(a).
Rule 1426(a) provides that "[o]n receipt and filing of an order of transfer, the receiving court shall take jurisdiction of the case. The receiving court may not reject the case." (Italics added.) This could not be clearer. The Riverside court thus clearly erred when it rejected the transfer on December 19, 2001, as well as on July 10, 2001.[10] Further, rule 1425(h), which governs transfer-out proceedings, provides that "[t]he order of transfer may be appealed by the ... receiving county and notice of appeal shall be filed in the transferring county, under rule 39. Notwithstanding the filing of a notice of appeal, the receiving county shall assume jurisdiction of the case on receipt and filing of the order of transfer." (Italics added.) Again, the Riverside court was required, but failed, to accept jurisdiction. Finally, rule 1426(f) provides that "[i]f the receiving court believes that a change of circumstances or additional facts indicates that the child does not reside in the receiving county, a transfer-out hearing shall be held under rules 1425 and 1432." (Italics added.) Here, the Riverside court knew that the children had never left Riverside County, so rule 1426(f) does not provide authority for rejecting the transfer, or for transferring the case back to Los Angeles County after accepting jurisdiction.
The Third District has reached a similar conclusion after reviewing the above rules of court. In In re Carlos B. (1999) 76 Cal.App.4th 50, 90 Cal.Rptr.2d 72, the appellate court determined that a county improperly refused to accept the transfer of a juvenile delinquency case based on the residency of the minor under rule 1425. "Rejection of the case is prohibited regardless of whether the receiving court agrees with the residency finding of the transferring court. Tulare County's remedy, if it disagreed with the residency finding, was by appeal or by holding a transfer-out hearing." (In re Carlos B., supra, at p. 55, 90 Cal.Rptr.2d 72.) Thus, the Riverside court should not have rejected the transfers in July and December of 2001, but should instead have done what Los Angeles County ultimately did here, that is, file an appeal of the transferring county's finding as to the children's residency. Alternatively, the court could have held a transfer-out hearing separate from the transfer-in hearing, at which it would have been required to determine the children's residency and whether the transfer would serve their best interests. (Rule 1425(e).)
As described above, rules 1425 and 1426 base the proper jurisdiction over a dependent minor upon the minor's county of residence, which is in turn determined by the residence of the person to whom the court has granted custody. (Rule 1425(a).) As also described above, the Riverside court did not comply with rules 1425 and 1426.
This is not to say, however, that the Riverside court acted either wholly without legal basis or demonstrably in bad faith. *677 Rather, section 375 provides some authority for the transfers to Los Angeles County. "Whenever ... the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order ... is changed to another county, the entire case may be transferred [to that county] and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case ....." (§ 375, italics added.) Here, the mother did move to Los Angeles County during the dependency. If we were to ignore the court's violation of rule 1426(a) when it rejected the transfer, then section 375, read by itself, did authorize the Riverside court to transfer the case to Los Angeles County because the mother had moved there.
Rule 1425 permits, but does not require, a court to transfer a juvenile case to the county where the child resides. Conversely, section 375 permits, but does not require, a court to transfer a juvenile case to the county where the parent resides. The two provisions provide alternative bases for transferring a dependency case to another county. These provisions do not necessarily conflict, as when a single juvenile court decides whether a case should be serviced in the county where the child resides or where the parent resides. (See In re Christopher T. (1998) 60 Cal. App.4th 1282, 71 Cal.Rptr.2d 116 (Christopher T.).) In such a case, the juvenile court must consider the best interests of the minor when it chooses between the two alternatives. (Id. at p. 1292, 71 Cal. Rptr.2d 116.)
However, in the case at hand, the Riverside court cites section 375 to thrice transfer the case to Los Angeles, while the Los Angeles court twice invokes rule 1425 to transfer the case back to Riverside. Something is obviously wrong here; the children are not being well served.
The Legislature permits the Judicial Council to establish practices and procedures for the juvenile dependency court that are "not inconsistent with law." (§ 265.) We agree with the court in Christopher T. that rule 1425 need not be inconsistent with section 375, even in this unusual situation. This is because the rule requires that, even after the court determines the child's county of residence, "[t]he court shall not transfer the case unless it determines that the transfer will protect or further the child's best interests." (Rule 1425(e) Advisory Com. Com. to Rule 1425;[11] see also Christopher T., supra, 60 Cal.App.4th at p. 1292, 71 Cal. Rptr.2d 116.) The courts must also implement section 375 to further the children's best interests, because the Legislature has mandated that the juvenile courts consider "the best interests of the minors in all deliberations." (§ 202, subd. (d), italics added;[12]In re Sade C. (1996) 13 Cal.4th 952, 993, fn. 20, 55 Cal.Rptr.2d 771, 920 P.2d 716.) Thus, the best interests of the four children are paramount here and do not vary depending on the county in which the juvenile court sits or the legal authority *678 cited for the transfer. This is why rule 1425 is not inconsistent with section 375 here, even where two courts have drawn opposite conclusions from the same set of facts.[13]
Next we examine the Riverside court's finding that the children's best interests were served by rejecting the transfer and sending the case back to Los Angeles County. The standard of review is abuse of discretion. (Maribel M. v. Superior Court (1998) 61 Cal.App.4th 1469, 1478, 72 Cal.Rptr.2d 536; In re Stephanie M. (1994) 7 Cal.4th 295, 321, 27 Cal. Rptr.2d 595, 867 P.2d 706.) Under this standard, we must uphold the Riverside court's finding unless it "exceed[s] the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (In re Stephanie M., supra, at pp. 318-319, 27 Cal.Rptr.2d 595, 867 P.2d 706.)
The Riverside court had before it the following facts in the form of the December 19, 2001, status review report. The children, then ages 7 through 13, had resided with their maternal grandmother in Cherry Valley since being removed from their mother's Riverside County home in August 1998. They had been in a permanent plan of long-term foster care with their maternal grandmother since March 2000. As the Riverside court stated, the children were doing well in placement. Nevertheless, they still required services, such as monthly visits from their social worker, to monitor their well-being and the adequacy of the placement, as well as periodic evaluation of their performance in school. The mother had not complied with the court-ordered case plan and there was no expectation that she would in the foreseeable future. Further, at the December 19, 2001, hearing, the Riverside County social worker recommended that the minors remain dependents of the Riverside court.
The record contains no facts to support the Riverside court's decision to have the children's case serviced by Los Angeles County. The court made its decision on the record after an off-the-record discussion that followed the social worker's recommendation. The court then reasoned as follows. The court obliquely referred to the mother's need to be evaluated for the twice yearly status review hearings, citing section 366.3. The court emphasized that the mother continued to be a resident of Los Angeles County. The court also discounted the children's need to be supervised by the children's services agency closest to them by stating that "the children are doing extraordinarily well with their relative caretaker" and concluded that there was no special need to have Riverside County social workers provide the services. Finally, the court found that "there's no showing it's in the best interests of the children for this county to assume transfer of the matter." In doing so, the Riverside court ignored rule 1425(e)'s requirement that the Riverside court must itself positively find that transferring the case to Los Angeles County would be in the children's best interests. The Riverside court had no legal basis to second-guess whether the facts justified the Los Angeles court's own finding that transferring the case to Riverside County was in the children's best interests.
The only reasonable inference that can be drawn from the above facts is that the children's best interests require that they be supervised by Riverside County. As *679 their appointed counsel aptly points out, family reunification had not been the focus of these proceedings for some time, as the mother had made little progress in her case plan. Consequently, the mother's county of residence and need for twice-yearly evaluations pursuant to section 366.3 should have had very little bearing on the court's decision about which venue would serve the children's best interests. Rather, the focus of the proceedings should have been which county could best monitor the children's well-being and the suitability of their placement on a monthly basis, as well as keep tabs on their academic progress and other needs.
As the children's counsel also argues, the children are reaching the ages where their voices matter. The oldest children are entering their teenage years, and so it is reasonable to anticipate that they will encounter difficulties and may seek assistance from their social worker or legal counsel. The children would be hampered in seeking these services if they are reachable only by a long distance telephone call or a two-hour drive to or from Los Angeles County. Riverside County does not provide courtesy supervision for Los Angeles County, although it appears from the record that RCDPSS has continued to provide services despite the three transfers to Los Angeles County. The only reasonable conclusion from these facts is that the children's best interests require that they be supervised by Riverside County.
To conclude, the Riverside court did not comply with rule 1426(a) when it rejected the transfer from Los Angeles County. Further, the court exceeded the bounds of reason when it concluded that the children's best interests were served by having their case transferred to and serviced from Los Angeles County.

DISPOSITION
The Riverside court is ordered to accept the transfer of this case from Los Angeles County.
We concur: HOLLENHORST, Acting P.J., and GAUT, J.
NOTES
[1] All further references to rules are to the California Rules of Court unless otherwise indicated.
[2] Rule 1425 sets forth the conditions, criteria and procedures for conducting a "transferout" hearing, during which a court considers whether to transfer a juvenile case to the county to which the minor has moved his or her residence. Rule 1426 does the same for "transfer-in" hearings, during which a court takes jurisdiction of a transferred case and sets or conducts further proceedings in the case.
[3] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[4] Section 375 sets forth the conditions and procedures for transferring a case to the county to which the parent has moved.
[5] The court was referring to section 366.3, which provides for the court to retain jurisdiction and conduct status review hearings every six months for children in a permanent plan of long-term foster care. The review includes a determination of whether the parent has "alleviat[ed] or mitigat[ed] the causes necessitating placement in foster care."
[6] "On receipt and filing of an order of transfer, the receiving court shall take jurisdiction of the case. The receiving court may not reject the case." (Rule 1426(a).)
[7] "For purposes of rules 1425 and 1426, the residence of the child shall be the residence of the person who has the legal right to custody of the child according to prior court order ...."(Rule 1425(a).)
[8] "If the receiving court believes that ... the child does not reside in the receiving county, a transfer-out hearing shall be held (Rule 1426(f).)
[9] "Whenever ... the residence of the person who would be legally entitled to the custody of such minor were it not for the existence of a court order ... is changed to another county, the entire case may be transferred ... and the juvenile court of the county wherein such person then resides shall take jurisdiction of the case...." (§ 375.)
[10] On July 10, 2001, the Riverside court "accepted] the transfer in for the limited purpose of transferring the case back to [Los Angeles] County."
[11] The Advisory Committee Comment to rule 1425 states, in pertinent part, "Juvenile court judicial officers throughout the state have expressed concern that in determining whether or not to transfer a juvenile court case, the best interests of the subject child are being overlooked or at least outweighed by a desire to shift the financial burdens of case management and foster care. The advisory committee has clarified rule 1425 in order to stress that in considering an intercounty transfer, as in all matters relating to children within its jurisdiction, the court has a mandate to act in the best interests of the subject children." (Advisory Com. com., 23 pt. 2 West's Ann.Cal. Codes, Rules (1996 ed.) foll, rule 1425, pp. 455-456, italics added.)
[12] Section 202, subdivision (d) further commands that "[participants in the juvenile justice system shall hold themselves accountable for its results."
[13] The inference is that one of the two courts has in fact drawn the wrong conclusion.